The opinion of the court was delivered by
Horton, C. J.:
This is a proceeding to review an order of the court below confirming a sheriff’s sale. The facts are substantially as follows:
On July 14,1880, A. L. Lindsay, one of the defendants in error j (plaintiff below,) commenced an action against plaintiffs in error, (defendants below,) to recover $2,150 as damages sustained on account of certain alleged wrongful acts of the defendants. Service was made by publication in a newspaper. An. affidavit alleged that the defendants were nonresidents of the state was filed, and an order of attachment obtained and levied on four hundred acres of land in Neosho county. At the November term, 1880, of the district court, judgment was rendered by default in favor of Lindsay against the Johnsons for $2,150, with seven per cent, interest from July 14,1880, and costs, and the property attached was ordered to be sold. The order of sale issued December 27,1880; the land -was sold February 12, 1881, the defendant in error' Henry Lodge being the purchaser of a part thereof, and. Lindsay being the purchaser of the balance. On March 28, 1881, plaintiffs in error caused notice to be personally served on Lindsay, that on’April 5,1881, (being the first day of the April term of court,) at 10 o’clock A. M., they would apply to the court for an order setting aside the judgment and letting them in to defend, for the reason that the judgment had been rendered without other service than by publication in a newspaper, and that they had had no actual notice of the suit in time to appear and defend. This notice, with proof of service, the affidavit required by § 77 of the code, and a full answer to the petition, were all filed on said April 5th. *516 Thereupon the motion to open up the judgment and to allow defendants below to be let in to defend was called up at the first call of the docket on April 5, 1881, and Lindsay also called up the motion to confirm the sale. The attorneys for Lindsay stated in open court that they desired to resist the motion to vacate the judgment, and wanted time to prepare and read counter affidavits, and the matter then went over. On April 11, 1881, the case was called again, and the John-sons said they were ready with their motion to vacate. The attorneys for the defendant in error H. Lodge said they were ready with a motion to confirm the sale of the land. The Johnsons objected to a confirmation of the sale until their motion to vacate could be heard, and asked that the motion to vacate be heard first. The attorneys of Lindsay and Lodge objected, and made application, with an affidavit in support thereof, for the continuance of the motion to vacate. The court stated that it would pass upon the motion to confirm first, and refused to consider at the time the motion to vacate. The Johnsons made several objections to the confirmation of the sale, but the court overruled the objections and confirmed the sale, and took the motion to vacate under advisement until the next term of the court, and gave Lindsay forty days in which to file counter affidavits in opposition to the affidavit to obtain a vacation of the judgment.
The action of the court below in disposing of the motion for confirmation, and confirming the sale before rendering a decision upon the motion to vacate the judgment, was under the circumstances of this case grossly unjust to the'plaintiffs in error, against whom the judgment had been rendered. By the terms of said §77 of the code, the title to any property the subject of the judgment sought to be opened, which by it or in consequence of it shall have passed to a purchaser in good faith, is not affected by the vacation of the judgment. Therefore a confirmation of sale, made pending a motion to open up the judgment and permit a defendant to defend, may deprive a defendant of all the substantial benefits of the section. While the confirmation of a sale relates *517 back to tbe date of the sale, the proceedings under an execution or order of sale are in fieri, and not perfected until the court has examined the proceedings, attd directed the clerk to make an entry on the journal that the court is satisfied with the legality of the sale, and for the officer to make to the purchaser a deed for the lands and tenements so sold. The officer making the sale retains the purchase-money in his hands until the court confirms the proceedings, and no title passes to the purchaser without the order of confirmation, and until such confirmation the sale is not legally consummated, so as to entitle the purchaser to a conveyance thereof. Before the confirmation, the title to the property ordered sold under the judgment had not passed to the purchaser thereof, and pending the motion to vacate the judgment the court ought not to have attempted to pass the title of any part of the property so that it would be beyond the reach of being affected by the vacation of the judgment. The property had been seized upon attachment, under the provisions of the statute requiring no bond of indemnification, in the event the attachment had been wrongfully sued out; the service was had by publication, and within a very brief time thereafter the proper proceedings were commenced to have the judgment opened up. Now as the title to the property had not passed to the purchaser when this motion was called for hearing, the court should have disposed of the motion before confirming the sale. In view of the extrinsic circumstances presented to the court at the time the motion of confirmation was called up, neither Lindsay nor Lodge had any absolute right to have the confirmation then made. A court ought not to allow itself voluntarily to be made the instrument of oppression or fraud, and if it should appear, upon the trial of the case upon its merits, that the plaintiffs below had no cause of action, and the confirmation is permitted to stand, such confirmation might deprive defendants below of their property without recourse. (Howard v. Entreken, 24 Kas. 428; Dewey v. Linscott, 20 Kas. 684; Company v. Smith, 25 Kas. 622.) The proceedings upon the sale should have stopped until the motion *518 for the vacation of the judgment had been decided.- If the court finally orders the judgment opened up, then the proceedings subsequent thereto, including the sale, should be set aside.
The order of the district court confirming the sale will be reversed, and the case remanded with instruction to defer any action upon the motion to confirm until the motion to have the judgment opened up is disposed of.
All the Justices concurring.