## JOHN GALBREATH v. E. S. W. DROUGHT.

1. JUDGMENT, *Not to be Declared Void, When.* Where a district court forecloses a mortgage upon real estate situated in the county where the court is held, and has jurisdiction of the parties litigant, and thereafter confirms the sale of the premises, upon the return of the sheriff of the order of sale, no district court of any other county can, for any supposed irregularities or erroneous rulings, declare such order and judgment void.

2. SALE OF REAL ESTATE; *Confirmation, When Not Void.* An order of confirmation is not void for want of notice to the purchaser or assignee, as the sale of real estate may be confirmed at any time after the sheriff has made his return on the execution or order of sale, on the motion of any person interested therein, or on the court's own motion.

3. ———— The confirmation of the sale of real estate relates back to the date thereof.

4. SHERIFF'S SALE; *Tax Liens; Confirmation Delayed.* Where real estate is sold under execution or an order of sale, and at the date of such sale taxes and penalties are due thereon, the court confirming the sale shall direct the sheriff to satisfy all the tax liens from the proceeds of the land, and if the purchaser at a sheriff's sale delays asking for a confirmation thereof until after the tax liens existing at the date of the sale ripen into tax deeds, he cannot be heard to complain that the property sold was not the property of the defendant, as at the date of the sale it was subject to the satisfaction of the judgment, less taxes and penalties.

*Error from Wyandotte District Court.*

ACTION by *Galbreath* against *Drought,* begun February 15, 1881. A demurrer was filed to the original petition, which on April 3, 1881, was sustained. Leave was given to file an amended petition, and on May 8, 1882, the following amended petition (omitting court and title) was filed:

"The plaintiff says that on the 6th day of May, 1874, one F. C. Eames, by the consideration of the district court of the state of Kansas, within and for the county of Leavenworth, Kansas, did recover a personal judgment against defendant, E. S. W. Drought, in an action then pending in that court wherein Eames was plaintiff and Drought was defendant. Said judgment was for the sum of $292.22 and costs, taxed at $64, with interest on said judgment at the rate of 12 per cent. per annum. No part of this judgment has been paid, except a portion of the costs paid in 1881. Said judgment was recovered on a promissory note executed long prior to the 6th day of May, 1874, by Drought, to wit, March 5, 1870, to Eames, and the payment of which was secured by a mortgage executed at the same time on the following-described tract of land, which was owned by Drought at the time of the execution of the note and mortgage, to wit: the southwest half of the northeast quarter of section 24, township 8, range 21, containing 80 acres, said quarter-section being divided by a line running from the southeast corner thereof to the northwest corner thereof, and situate in Leavenworth county, state of Kansas. At the time before mentioned, personal judgment was rendered, and in the action aforesaid the court adjudged and ordered that said tract of land be sold as upon execution, to satisfy said judgment.

"Afterward, on the 13th day of July, 1874, upon proceedings duly had upon special execution sued out in the action aforesaid by Eames and directed to the sheriff of the county of Leavenworth, the said tract of land was struck off to Eames at a sheriff's sale of the same, upon a bid in the sum of $320, made by Eames, the sheriff at the time of making the sale promising Eames to report the same and secure a confirmation thereof at the next ensuing term of the district court for the county of Leavenworth, Kansas. At the same time it was also agreed by and between the sheriff and Eames that after the confirmation of said sale the sheriff would execute a deed to said tract of land to Eames, and upon delivery thereof Eames would pay all the costs due and to become due in the action aforesaid. The sheriff returned the said sale, but failed and neglected to move the court for a confirmation thereof, and the sale was not then confirmed, nor was any deed made to Eames, or costs paid by the latter, as had been agreed between the sheriff and Eames, although the special execution aforesaid was returned satisfied.

"On the — day of ——, 1878, the said Eames was duly

adjudged a bankrupt in proceedings had in the United States district court for the western district of Missouri, and on the 25th day of October, 1878, J. D. S. Cook, one of the registers in the said court of bankruptcy, duly conveyed and assigned to one F. W. Perkins, a duly-appointed assignee in bankruptcy, in the matter of F. C. Eames, bankrupt, all the estate real and personal of the said Eames, including all the property of whatsoever kind he was possessed of, or in which he might be interested or entitled to have, on the 31st day of August, 1878, with all his deeds, books and papers relating thereto, excepting from said assignment such property as was exempt from the operation of the laws of the United States.

"On the 3d day of August, 1881, the assignee, Fred. W. Perkins, did, for a valuable consideration and by virtue of an order duly made by the district court of the United States for the western district of Missouri, duly assign, set over and transfer to the plaintiff, John Galbreath, all his right, title and interest in and to the judgment aforesaid, rendered on the 6th day of May, 1874, transferring to plaintiff all of the same rights, interests, claims and demands that the assignee had in and to said judgments, or arising from or growing out of all proceedings to enforce the same.

"On the 24th day of October another execution was sued out of the district court of the state of Kansas for the county of Leavenworth, and directed to the sheriff of Wyandotte county, Kansas, in which said last-mentioned county the defendant did then, and has ever since, and does now, reside and have his domicile; and the sheriff of the said county made return on said execution that he could find no goods or chattels on which to levy in the county of Wyandotte, belonging to E. S. W. Drought.

"On the 18th day of April, 1881, the assignee in bankruptcy, Fred. W. Perkins, duly sued out execution from the district court aforesaid, on the said judgment against the defendant, causing the same to be directed to the sheriff of the county of Wyandotte, Kansas, and while this execution was in the hands of the sheriff, to wit, on the 22d day of April, 1881, the defendant, E. S. W. Drought, filed his motion in the district court of Leavenworth county, in the action in which the aforesaid judgment had been rendered, asking for an order of the court confirming the sheriff's sale returned as aforesaid as made July 18, 1874; and upon the hearing of the motion the court did, on the 22d day of April, 1881, make an order confirming the sale returned as aforesaid, and

directing the sheriff of the county of Wyandotte, Kansas, to return the execution in his hands, which was done. Said court also ordered the sheriff of the county of Leavenworth to make a deed to the premises sold as aforesaid, and proof of the payment of the purchase bid, as before stated herein.

"The said proceedings were had without notice to the assignee or the said Eames, and no one appeared to oppose the same. On the — day of August, 1881, and after the assignment of the judgment to him as before stated, the plaintiff filed his precipe in the district court for the county of Leavenworth, Kansas, for an execution on said judgment directed to the sheriff of the county of Wyandotte, Kansas; but the clerk of that court refused to issue the same, alleging said judgment was satisfied. The defendant also claims that said judgment has been satisfied by the proceedings aforesaid, and is no longer a lien on his lands.

"Plaintiff further says, that on the 13th day of July, 1874, when the said Eames bid off the premises before described, one David Schwartz was the owner of two several certificates of tax sales, duly executed to him by the treasurer of the county of Leavenworth, Kansas, upon the sale of said land for taxes duly assessed against the same while it was owned by the defendant Drought, and by him ——.

"On the 17th day of June, 1875, the clerk of the county of Leavenworth, Kansas, duly executed to Schwartz two several tax deeds to the tract of land mortgaged as aforesaid to Eames, and by him bid off at the sheriff's sale on the 13th day of July, 1874, which sale has been confirmed as aforesaid on the 22d day of April, 1881; neither Eames nor the said Perkins had any knowledge of the said certificates or tax deeds, until April, 1881, and the said deeds were not recorded until September 24th, 1881.

"On the 22d day of August, 1881, the plaintiff filed in the office of the clerk of the district court of the county of Wyandotte, Kansas, an attested copy of the journal entry of the said judgment, which was on the said day entered on the appearance journal and transcript docket in said court by said clerk, on the 22d day of August, 1881.

"Defendant was and is now the owner of a large amount of real estate in the county of Wyandotte, subject to execution, to wit: Lot No. 20, in block No. 132, in the city of Wyandotte, together with other real property in the said county.

"Plaintiff further says, that at the time the defendant pro-

cured the order confirming the sale made July 13th, 1874, the fact was concealed from the court making the same, that the land sold at said sale, had been sold and deeded for taxes as before mentioned, although defendant knew said facts, and at the time said order was made, defendant E. S. W. Drought paid all the costs due the officers of the said court in the action in which the judgment of May 6th, 1874, had been rendered, and which were included in said judgment for costs rendered on that day.

"Wherefore, plaintiff prays that said judgment be adjudged a lien on the lands of defendant in the county of Wyandotte, Kansas, not exempt from execution; that it be adjudged that he is entitled to have execution to enforce the said judgment, and that he have such other and further relief as may be equitable and just, and recover costs."

On May 11th, the following demurrer (omitting court and title) was filed thereto:

"Now comes the said E. S. W. Drought, defendant, and demurs to the amended petition of plaintiff herein filed, and for cause of demurrer, says:

"1. That said court has no jurisdiction of the subject-matter of the action set out in the amended petition.

"2. Said petition shows upon its face that the matters therein stated have been determined and are pending in the district court of Leavenworth county, in state of Kansas, between the party from whom the plaintiff claims any right, and this defendant.

"3. The judgment set out and mentioned in the amended petition appears from said petition to have been fully satisfied by the decree of the district court of Leavenworth county, which sale has been fully confirmed by said court and conveyed to the purchaser under the order of said court of Leavenworth county, and no cause is alleged why this court should interfere with the decrees and orders of the court of Leavenworth county, or take jurisdiction of said proceedings.

"4. The assignment mentioned in the amended petition does not give, nor could the plaintiff acquire any right of action to sue for wrongs committed on the rights of the assignee in bankruptcy, or F. C. Eames, before the said transfer.

"5. This court has no jurisdiction to modify, change, or in any manner interfere with the judgment or orders of the district court of Leavenworth county.

"6. This court has no jurisdiction to grant the relief de-

manded in said amended petition, a way having provided by statute for making a judgment rendered in one county a lien upon the real estate of the defendant in another county, and also for obtaining execution upon judgments rendered in this state.

"7. Said amended petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against this defendant."

On the 3d day of July, 1882, this demurrer came on for hearing. The court sustained the same; the plaintiff excepted, and brings the case here.

*Nathan Cree,* for plaintiff in error.

*Alden & McGrew,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: While the prayer of the petition filed in this case is to the effect that the judgment rendered in the district court of Leavenworth county, on the 6th day of May, 1874, in favor of F. C. Eames, against E. S. W. Drought, and now alleged to be owned by the plaintiff, may be adjudged a lien upon the lands of the defendant in Wyandotte county, not exempt from sale upon execution, the principal object of the action was to vacate the order of the district court of Leavenworth county, of the date of April 22d, 1881, confirming the sheriff's sale of real estate made July 13th, 1874. The objections to that confirmation recited, are that it was made without notice to the opposite party, and no one appeared to oppose the same; further, that on the 13th day of July, 1874, when Eames bid off the premises at the sheriff's sale, one David Schwartz was the owner of two several certificates of tax sales upon the land for taxes assessed against it, and that on the 17th day of June, 1875, the county clerk of Leavenworth county executed to the said Schwartz two several tax deeds thereon, which said tax deeds were recorded September 24th, 1881.

In the first place, we do not think that the orders and judgments of the district court of Leavenworth county could be

corrected in this manner by the district court of Wyandotte county; nor do we think the district court of Wyandotte county could, in proceedings of this character, declare the orders and judgments of the district court in the action of Eames against Drought, irregular or void. The district court of Leavenworth county had jurisdiction of the subject-matter of the action, and of the parties litigant therein, and however irregular or erroneous its proceedings may be, no district court of any other county, for supposed irregularities or erroneous rulings or inequitable conclusions can declare its order and judgment to be void, or perpetually enjoin the same. The only way to correct the errors of the district court of Leavenworth county, if any there be, is to apply to that court or this court, by petition in error. ( *Meixell v. Kirkpatrick*, 28 Kas. 315.)

The order of confirmation of April 22d, 1881, was not void for want of notice to Eames or his assignee. A sale of real estate may be confirmed at any time after the sheriff has made his return to the execution or order of sale, and on the motion of any person interested therein, or on the court's own motion, and with or without the consent of the sheriff; and the confirmation of the sale relates back to the date thereof. (Code, § 458; *Ferguson v. Tutt*, 8 Kas. 370; *Johnson v. Lindsay*, 27 Kas. 514; *Baker v. Hall*, ante, p. 617.)

According to the petition, the delay in asking for the order of confirmation was the result of the negligence of Eames, or his assignee, F. W. Perkins. For this delay Drought was not responsible. As Drought paid all the costs, and as the original judgment was for the sum of $292.22 only, the sum of $320 bid for the land, fully equaled the judgment. It is contended, however, that on account of the tax deeds of the date of June 17th, 1875, recorded September 24th, 1881, Eames was not bound by his bid, as the tax liens were sufficient grounds for releasing him therefrom. Further, as Drought had no title to the real estate described in the petition at the date of confirmation, plaintiff is entitled to have that order adjudged void. Not so. Eames was the mort-

gagee, and might have paid the taxes upon the premises, or redeemed the land so sold for taxes, at any time before his judgment; and the taxes so paid might have been included in the judgment rendered on the mortgage. ( Gen. Stat. 1868, ch. 107, §135.) Further than this, if he had not redeemed before judgment, as the tax liens had not ripened into tax deeds on the day of sale, and for many months thereafter, he might have obtained a confirmation of the sale at the term of court following his purchase, and had the sheriff directed to satisfy all tax liens from the proceeds of the land. (Gen. Stat. 1868, ch. 107, §40.)   The judgment and interest up to the day of sale were less than $300; the amount bid for the land was $320.   The amount of taxes due at the date of sale is not set forth in the petition, and for aught that appears therein, the proceeds of the land may have been sufficient to discharge the taxes and penalties, and also the judgment other than the costs.

The judgment of the district court sustaining the demurrer will be affirmed.

All the Justices concurring.