THE LOMBARD INVESTMENT COMPANY v. DENTON
BURTON.

No. 122.

INTEREST—*judgment draws, till sale is confirmed.* A judgment
creditor is entitled to interest on his judgment up to the time of
confirmation of a sale of real estate which is made for the satisfac-
tion of such judgment.

Error from Marshall District Court. Hon. R. B.
Spilman, Judge. Opinion filed December 5, 1896. *Re-
versed.*

Upon the confirmation of a sale of real estate sold
under ordinary foreclosure proceedings, the court or-
dered the distribution of the proceeds of the sale ac-
cording to the decree entered October 26, 1891. The
decree of confirmation was entered October 13, 1892.
The Lombard Investment Company, plaintiff in error,
was a judgment creditor and its judgment has been
declared a first lien. Denton Burton, defendant in
error, was Clerk of the District Court of Marshall
County. The Investment Company demanded, and
Burton paid to it, $6,130, which was the amount of its
judgment and interest thereon from the date of the
judgment to the date of the confirmation. The Bank
of Marysville was also a judgment creditor and had a
lien on the land subject to that of the Investment
Company. After applying the proceeds of the sale
according to the court's order, the balance was insuf-
ficient to satisfy the Bank's judgment. It demanded
of Burton the payment of $206.95, which it claimed
Burton had erroneously paid to the Investment Com-
pany as interest on the Investment Company's judg-
ment from the day of sale to the date of confirmation.
Burton acceded to the demand, and now seeks to re-

198   LOMBARD INVESTMENT CO. v. BURTON.

N. Dept.              Opinion.   Clark, J.              5 Kan. App.

cover the amount from the Investment Company. The case was submitted upon an agreed statement of facts.

*Henry P. Lowenstein*, and *Edward C. Wright*, for plaintiff in error.

*W. S. Glass*, for First National Bank of Marysville, a party in interest.

CLARK, J. The single question submitted to the court is : Was the Investment Company entitled to interest on its judgment from the day of the sale of the real estate to the date of the confirmation of the sale? It was agreed that if the Investment Company was entitled to such interest, judgment should be rendered in its favor for the costs of the proceeding ; but if not, judgment should be rendered against it, in favor of Burton, for $206.95 and interest thereon from the thirteenth day of October, 1892. The District Court found that the judgment did not draw interest after the date of sale, and rendered judgment upon such finding in accordance with the stipulation contained in the agreed case. The Investment Company is here seeking a reversal of that judgment. The defendant in error has made no appearance in this court, but the First National Bank of Marysville, while not a party to this proceeding, claims that it is a party in interest, and that its rights will be determined by the decision of this case. With the consent of the plaintiff in error it has voluntarily appeared and filed a printed brief and argument in support of the finding and judgment of the trial court. Paragraph 3501, General Statutes of 1889, provides :

"When a rate of interest is specified in any contract, that rate shall continue until full payment is made, and any judgment rendered on any such con-

tract shall bear the same rate of interest mentioned in the contract, which rate shall be specified in the judgment."

The contract on which the judgment in favor of the Lombard Investment Company was based, specified the rate of interest to be allowed ; it was also specified in the judgment.    It is, therefore, apparent that the real question at issue is the proper interpretation of the words "until full payment is made" as used in the section of the statute above quoted.    Counsel for the Bank contend, that, when the purchase price of real estate sold under foreclosure proceedings is paid to the sheriff, he holds the money in the dual capacity of an officer of the court and an agent of the judgment creditor ; and, since the confirmation of the sale and conveyance of the real estate relate back to the *date* of the sale, and entitle the purchaser to the crops which were then unripe and growing on the premises (*Land Co. v. Barwick*, 50 Kan. 57 ), that a sale by the sheriff for an amount sufficient to satisfy the judgment, interest to that date, and the costs, should be held tanamount to "full payment" ; and that interest on the judgment should therefore cease on that date, although the creditor might not actually receive the money nor be entitled to it until some time thereafter.    We cannot agree with counsel in his conclusions.    The law of this state requires that an order of sale, or special execution, shall conform to the judgment or order of the court. § 517, Civil Code.    The decree which was entered at the date of the rendition of these several judgments, provided that, if the judgment in favor of the Bank was not paid within six months from the date of its rendition, an order should issue for the sale of the real estate therein described, and that the proceeds of the

sale should be returned into court " to be distributed according to its further orders." The writ under which this sale was made conformed to the judgment and order of the court. Section 458 of the Civil Code in substance provides, that the sheriff shall retain the purchase money in his hands until the sale is either confirmed or set aside, and that he shall then pay the same to the persons entitled thereto "agreeably to the order of the court." As was said by Chief Justice Horton, in *Johnson v. Lindsay* (27 Kan. 514) :

"While the confirmation of a sale relates back to the date of the sale, the proceedings under an execution or order of sale are *in fieri*, and not perfected until the court has examined the proceedings, and directed the clerk to make an entry on the journal that the court is satisfied with the legality of the sale, and for the officer to make to the purchaser a deed for the lands and tenements so sold. The officer making the sale retains the purchase-money in his hands until the court confirms the proceedings, and no title passes to the purchaser without the order of confirmation, and until such confirmation the sale is not legally consummated, so as to entitle the purchaser to a conveyance thereof."

In *Ferguson v. Tutt* (8 Kan. 370), it was held that it is the duty of the sheriff to receive the purchase-money when the sale is made, and to hold it until the sale is confirmed by the court and then to pay it over to the person or persons entitled thereto. In *Kothman v. Markson* (34 Kan. 542), it was held, that while by the levy of an attachment on real estate at the commencement of an action a contingent lien is created, yet, until a sale *and conveyance* of the real estate are made in pursuance of the judgment and order of the court rendered in such action, the right of possession remains in the debtor, and that, until such sale is completed in pursuance of the judgment

LOMBARD INVESTMENT CO. v. BURTON.     201

Dec. 5, 1896.          Opinion.   Clark, J.          C. Div.

and decree, neither the plaintiff nor the purchaser at the sale acquires any right to the rents, issues or profits of the real estate.   We cannot distinguish any difference in principle between the relative rights of the purchaser, the debtor and the creditor, with respect to the rents, issues and profits of real estate sold by order of the court in an attachment proceeding, and a similar sale upon an order issued under a decree foreclosing a real-estate mortgage.   Until the sale is confimed, in fact until the deed is executed, the debtor is entitled to the possession of the property sold and to the rents, issues and profits thereof; and would be chargeable with interest on the judgment until such time as by due process of law the creditor would be entitled to the fund arising from the sale of the property given to secure the payment of his claim.   In this case the sale was duly confirmed, and the sheriff, as ordered by the court, paid the proceeds to the clerk to be, by him, distributed among the several parties entitled thereto "in the order of priority as found by the court in the decree of foreclosure dated October 26, 1891."   Under the provisions of the sections of the statute above quoted, the decisions of our Supreme Court, the judgment and decree entered, and the order of sale, it is evident that the sale was not legally consummated, the purchaser was not entitled to a conveyance of the real estate, nor the judgment creditor to any part of the proceeds, until after the confirmation.   The judgment in contemplation of law was not "fully paid" until October 13, 1892, and the creditor was entitled to interest until that date.   *Taylor v. Robinson,* 2 Allen, 562.

The judgment will therefore be reversed, and the cause remanded with direction to enter judgment in favor of the plaintiff in error for costs, in accordance with the stipulations contained in the agreed case.