JANET KERR v. W. N. HOSKINSON AND D. E.
HOSKINSON.

No. 119.

1. TAX LIEN — *should be first satisfied out of proceeds of mort-
   gage sale.* Taxes are always a lien upon the real estate upon
   which they are imposed, and are prior and paramount to any other
   lien or incumbrance ; and courts of equity, in the foreclosure of
   mortgages, always have the power to ascertain what are liens upon
   mortgaged property, to determine their priority, and to order that
   such liens be discharged out of the proceeds of the sale of such
   real estate in accordance with their priority.

2. ————*paragraph 6902, General Statutes of 1889, includes all,
   not ripened into tax deeds on day of sale.* The provision,
   — " where any real estate shall be sold at judicial sale, or by ad-
   ministrators, executors, guardians or trustees, the court shall
   order all taxes and penalties thereon against such lands, to be
   discharged out of the proceeds of such sale," (paragraph 6902,
   General Statutes of 1889,) — applies to, and includes, all unpaid
   taxes which have not ripened into tax deeds on the day of sale.

Error from Jewell District Court. Hon. Cyrus
Heren, Judge. Opinion filed December 15, 1896.
*Reversed.*

This was an ordinary action to foreclose a mort-
gage. The judgment provided that the proceeds of
the sale be applied, first, in satisfaction of the costs,
second, " to the payment of all taxes and tax liens
then due upon said premises," and the balance to the
discharge of the judgment. At the sheriff's sale of
the premises under the judgment, the property was
bid in by the plaintiff in error, plaintiff below, for a
sum less than the judgment and costs. Thereafter
the plaintiff filed his motion to confirm the sale and
to order the sheriff to pay the taxes and tax liens on
the premises at the time of sale. The parties to the
action agreed in writing that the property had been
sold at tax sale to another than a party to the suit,

13—5 KAN. APP.

194    KERR v. HOSKINSON.

N. Dept.          Opinion.   Gilkeson, P. J.          5 Kan. App.

and also as to the amount of the tax lien. The court sustained the motion to confirm the sale, but over-ruled it as to the payment of the taxes by the sheriff.

C. *Angevine,* for plaintiff in error.

*Kirkpatrick & Hodson,* for defendants in error.

GILKESON, P. J.   The only question presented for our consideration is : Did the court err in refusing to order the sheriff to pay the amount due on the tax-sale certificate out of the proceeds of the sale?

Taxes are always a lien upon the real estate upon which they are imposed, and are always prior and paramount to any other lien or incumbrance ; and courts of equity, in the foreclosure of mortgages, al-ways have the power to ascertain what are liens upon the mortgaged property, to determine their priority, and to order that such liens be discharged out of the proceeds of the sale of such real estate in accordance with their priority. In this state a holder of a mortgage has two remedies.

1. Tax lien first satisfied.

I. He may pay the taxes and then recover them from the mortgagor, or have them included in the judgment rendered in his favor on foreclosure. The General Statutes of 1889, paragraph 7003, says :

" In cases where lands are mortgaged, if the mort-gagor fails or neglects to pay the taxes, or in case said mortgagor permits any land so mortgaged to be sold for any taxes, the mortgagee may pay said taxes, or redeem any land so sold for taxes. And on the payment o any such mortgage, or in the action to enforce the same, such mortgagee may demand the taxes so paid, with interest thereon at the rate of twelve per cent. per annum, or include them in any judgment rendered on the mortgage, and any taxes so paid by any mort-gagee, shall be a lien on such land so mortgaged until the same be paid. "

KERR v. HOSKINSON.　·　195

Dec. 15, 1896.　　　Opinion.　Gilkeson, P. J.　　　C. Div.

II. He, as well as the mortgagor, may neglect to pay the taxes, and have them paid out of the proceeds of the sale of the mortgaged property on foreclosure. The statute upon the subject is paragraph 6902, General Statutes of 1889 :

"And whenever any land so held by tenants in common shall be sold upon proceedings in partition, or shall be taken by the election of any of the parties to such proceedings, or where any real estate shall be sold at judicial sale, or by administrators, executors, guardians, or trustees, the court shall order all taxes and penalties thereon against such lands to be discharged out of the proceeds of such sale."

It has been so often decided that it is no longer an open question in this State :

" In an action on a promissory note and real-estate mortgage, when there are taxes due on the mortgaged property, the court should, on the application of the plaintiff, in rendering the judgment on the note and mortgage, order that the taxes due on such mortgaged property be first paid out of the proceeds of the sale of such mortgaged property." *Opdyke v. Crawford,* 19 Kan. 604; *Stanclift v. Norton,* 11 id. 218; *Sharp v. Barker,* 11 id. 381; *Brown v. Evans,* 15 id. 88; *Waterson v. Devoe,* 18 id. 223; *Alexander v. Shonyo,* 20 id. 708; *Seaman v. Huffaker,* 21 id. 254; *Reading v. Wier,* 29 id. 429, 430; *Insurance Co. v. Swayze,* 30 id. 122.

But it is contended by defendants in error that, as this land had been sold for taxes and a tax-sale certificate had been issued, paragraph 6902 of the General Statutes of 1889 does not apply. We cannot

2. Paragraph 6902, Gen. Stat. 1889, includes, what.

agree with them. Our Supreme Court, in passing upon this section in *Galbreath v. Drought* (29 Kan. 711), after stating the right of the mortgagee to have the taxes paid or the land redeemed and have the amount included in his judgment, under paragraph 7003, says :

"Further than this, if he had not redeemed before

196 · KERR v. HOSKINSON.

N. Dept.          Opinion.   Gilkeson, P. J.          5 Kan. App.

judgment, as the tax liens had not ripened into tax deeds on the day of sale, and for many months thereafter, he might have obtained a confirmation of the sale at the term of court following his purchase, and had the sheriff directed to satisfy all tax liens from the proceeds of the land.''

Citing section 40, chapter 107, General Statutes of 1868, which is the same as paragraph 6902, General Statutes of 1889.

Again, in *Brown v. Evans* (15 Kan. 93), Mr. Justice Valentine, in delivering the opinion of the court construing said section with reference to sales made by administrators, says :

'' This provision, when applied to sales of land by administrators, includes all unpaid taxes which have accrued against the land, whether they have accrued before or after the death of the deceased owner, and includes all unpaid taxes which have not yet merged into tax titles.''

Surely it cannot be said that the terms of the statute are any stronger against administrators than they are in reference to judicial sales. This construction of these statutes is so firmly fixed in this State that it may be said to have become a rule of property.

We think the court erred in overruling the plaintiff's motion, and refusing to order the sheriff to pay the tax liens against this property. The judgment, therefore, will be reversed, and the cause remanded with instructions to render judgment therein sustaining the motion of the plaintiff.