WILLIAM A. CADE v. W. A. JEFFERS *et al.*
No. 237.

FORECLOSURE OF MORTGAGE—*tax-sale certificate may be ordered redeemed in proceedings for.* Where real estate is sold under a foreclosure proceeding, the purchaser is entitled to have the land redeemed from outstanding tax-sale certificates, under paragraph 6902 of the General Statutes of 1889.

Error from Leavenworth District Court. Hon. Robert Crosier, Judge. Opinion filed July 16, 1897. *Affirmed.*

This was an action to foreclose a real-estate mortgage. Plaintiff in error, Cade, held a second mortgage on the land. The decree of foreclosure ordered, among other things, that the proceeds of the sale be applied to "paying the taxes, penalties and interest thereon due to the county of Leavenworth on and against said tract of land." There were no taxes due to the county, but an outstanding tax-sale certificate was held by an individual. Lysle purchased the land at sheriff's sale. Jeffers was the owner of the tax-sale certificate. Both Lysle and Jeffers made motions to have the taxes paid out of the proceeds in the hands of the sheriff, before applying them to the discharge of Cade's mortgage. Cade, however, sought to have the money applied on his mortgage and not to the redemption of this tax-sale certificate. The motions of Lysle and Jeffers were sustained, and to this ruling of the court Cade and those interested with him took exceptions, and now bring the case here upon this question.

*L. B. Wheat* and *S. E. Wheat,* for plaintiff in error.
*Baker, Hook & Atwood,* for defendants Lysle and Jeffers.

62       CADE v. JEFFERS.

N. Dept.       Opinion.   Wells, J.       6 Kan. App.

WELLS, J. The first question for our consideration is whether that part of paragraph 6902, General Statutes of 1889, which provides that "where any real estate shall be sold at judicial sale, or by administrators, executors, guardians or trustees, the court shall order all taxes and penalties thereon against such lands to be discharged out of the proceeds of such sale," includes tax-sale certificates held by individuals. We think this question must be answered in the affirmative.

Counsel for plaintiff in error contends that, because paragraph 7003 provides that the mortgagee may pay such taxes or redeem any lands so sold and recover judgment for the same in his foreclosure proceedings, he is not entitled to the relief furnished by paragraph 6902.

The object of paragraph 7003 is to enable the mortgagee to protect himself, either before the institution of the proceedings of foreclosure or while they are pending, by paying the taxes and adding the amount to his mortgage indebtedness, but this in no way conflicts with his rights under paragraph 6902. That taxes due upon the tax-sale certificate held by an individual are included in the provisions of paragraph 6902, see the following authorities: *Galbreath v. Drought*, 29 Kan. 711; *Kerr v. Hoskinson*, 5 Kan. App. 193, 47 Pac. Rep. 172. In the case last cited the court expressly refers to the two remedies and the right to elect.

The next contention of the plaintiff in error is, that, as paragraph 4495, General Statutes of 1889, provides that the court, in actions to foreclose mortgages, at the time of rendering the judgment, may make an order for the application of the proceeds, or reserve such

application for the further order of the court, and as
in this case the court had made such an order, it was
not within its power afterwards to change or modify
it.    We do not think this position is tenable.    Under
our view of the law, it is substantially in the same
condition that it would have been had the court failed
to make any order providing for the payment of the
costs ; and can it be contended that in such a case
it would have been improper, at the time of the con-
firmation or before it, to have amended the order so as
to provide first for the payment of costs?   In *Galbreath
v. Drought*, supra, the Supreme Court says, "The
court confirming the sale shall direct the sheriff to
satisfy all the tax liens, etc. ;" plainly intimating
that after the sale, upon its confirmation, when the
sheriff had the money, was the proper time to make
the order.   See also *Harris v. McCrossen*, 31 Kan. 402.

Our view of the law being that the taxes were a
paramount lien to the mortgage indebtedness, the ob-
jection made by the plaintiff in error to any testimony
on behalf of the plaintiff below was properly over-
ruled, and there was no error in sustaining the objec-
tions made by the defendant to the questions asked,
or in overruling the motions of the plaintiff in error,
as complained of.

The judgment of the court below will be affirmed.