JOHN J. TROMPEN ET AL. V. CHARLES HAMMOND.

FILED MARCH 6, 1901. No. 9,407.

1  Judgment Creditor: INTEREST. A judgment creditor is entitled to interest upon his judgment until the same is actually paid.

2.  ————: ————: DATE OF CONFIRMATION. In case real property is sold to satisfy a judgment or decree, the creditor is entitled to interest upon his claim up to the date of confirmation.

ERROR from the district court for Lancaster county. Tried below before HOLMES, J. *Reversed.*

*S. L. Geisthardt, Lorenzo W. Billingsley* and *Robert J. Greene,* for plaintiffs in error.

*Daniel F. Osgood, contra.*

Sullivan, J.

In an action brought by Charles Hammond against Josiah Paden and others to foreclose a real estate mortgage Francis C. Faulkner, one of the defendants was given a first lien and the plaintiff a second lien. Execution of the decree was committed to plaintiff in error, who was at the time the duly constituted sheriff of Lancaster county. The mortgaged property was offered for sale in the usual way and was purchased by Hammond, whose bid was considerably in excess of the amount due upon the first lien. Eighteen days intervened between the sale and confirmation, and the question presented for decision by this record is whether Faulkner is entitled to interest on his decree for that period. It is urged on behalf of defendant in error that he paid to the sheriff on the day of the sale the full amount then due upon the first lien, and that the remainder of the purchase-money belongs to him as a junior incumbrancer. Section 3, chapter 44, Compiled Statutes, 1899, is as follows: "Interest on all decrees and judgments for the payment of money shall be from the date of the rendition thereof at the rate of seven dollars upon each one hundred dollars annually until the same shall be paid; *Provided*, That if said judgment or decree shall be founded upon any contract, either verbal or written, by the terms of which a greater rate of interest, not exceeding the amount allowed by law, than seven per centum shall have been agreed upon, the rate of interest upon such judgment or decree shall be the same as provided for by the terms of the contract upon which the same was founded." This section, it seems to us, admits of but one construction. It provides, in terms too plain to be misunderstood, that all judgments and decrees for the payment of money shall bear interest from the date of rendition to the date of payment. When the purchaser at a judicial sale pays to the sheriff the amount of his bid, the money does not pass at once under the control or dominion of the creditor. The statute (Code of

Civil Procedure, sec. 498) contemplates that the money shall remain in the custody of the court—in the hands of the officer making the sale—until the proceedings under the execution or order of sale have been examined and approved. Until the order of confirmation has been entered, there is no consummated sale, and the purchaser, as a matter of law, is in the attitude of one having made an offer which may be accepted or refused. The obligation of the debtor is not discharged and the creditor is not paid so long as the sheriff holds the purchaser's money awaiting the action of the court upon the report of the sale. In our opinion there is no escape from the conclusion that Faulkner's decree was not paid on the day of the sale, and that consequently it continued to bear interest up to the date of confirmation. To hold that interest on a claim in process of collection shall cease before the creditor receives, or becomes entitled to receive, the money due him from his debtor would be to establish a principle essentially unjust and in many cases violative of contract rights. Adjudged cases bearing upon the question under consideration are not numerous, but those we have found are in entire accord with the views here expressed. *Lombard Investment Co. v. Burton,* 5 Kan. App., 197, 47 Pac. Rep., 154, and *Central Trust Co. v. Condon,* 67 Fed. Rep., 84.

It is said that Faulkner was responsible for the tardy action of the court upon the sheriff's report, but we are unable to understand how the filing of a motion to confirm the sale could have any tendency to delay confirmation. The sheriff's motion for an order requiring Hammond to pay over so much of the purchase price of the mortgaged property as should be necessary to cover the interest on Faulkner's claim from the date of sale to the date of the confirmation should have been sustained. The order denying the motion is, therefore, reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.