ALBERT STENGER, APPELLEE, V. DAVID CARRIG ET AL., APPELLANTS.

FILED MAY 22, 1901.  No. 11,342.

Decree of Foreclosure: INTEREST.  A decree foreclosing a mortgage draws interest from the date of its rendition until the same is paid.

APPEAL from the district court for Platte county. Heard below before HOLLENBECK, J.  *Reversed.*

*Virgil O. Strickler*, for appellant.

*McAllister & Cornelius, contra.*

52

NORVAL, C. J.

Albert Stenger brought suit in the court below to foreclose a real estate mortgage given by David Carrig and wife. The Home Fire Insurance Company of Omaha intervened and set up a prior mortgage given by them on the same premises, and prayed a foreclosure thereof. A decree was entered on April 25, 1896, foreclosing both mortgages, giving the intervener a first lien for the sum of $5,557, and plaintiff a second lien for $4,091.10. An order of sale was issued, and the premises were sold to plaintiff on May 17, 1897, for $7,578. Objections to the confirmation were overruled and the sale was approved and confirmed on June 5, 1897. David Carrig, one of the mortgagors, appealed to this court, which appeal was dismissed at the January, 1899, term, and a mandate issued to the trial court on April 3, 1899. On or about June 6, 1899, Stenger paid to the clerk of the district court of the purchase price the sum of $6,320.01, of which $351.45 was applied on costs and the remainder, $5,968.56, was paid to the Home Fire Insurance Company on its decree, but which was insufficient to pay the amount of its lien, computing interest at 7 per cent from the date of the decree until the payment was made. On June 27, 1899, Stenger filed a motion in the court below for an order directing the present sheriff to execute and deliver to him a deed for the mortgaged premises, the sheriff who made the sale having gone out of office. At the same time the intervener filed a motion for an order requiring plaintiff to pay into court the amount of his bid, or so much thereof as would satisfy the lien of intervener, with interest thereon from the date of the decree at 7 per cent. This motion was overruled, and plaintiff's motion was sustained. Intervener appeals.

A single question is presented, which is, up to what time did the decree in favor of the Home Fire Insurance Company draw interest? This is answered by section 3, chapter 44, Compiled Statutes, which provides that "in-

terest on all decrees and judgments for the payment of money shall be from the date of the rendition thereof at the rate of seven dollars upon each one hundred dollars annually until the same shall be paid." Intervener was entitled to interest on its decree until the same was paid. *Trompen v. Hammond*, 61 Nebr., 446. The court below therefore erred in not requiring plaintiff to complete his purchase by paying into court a sufficient sum to pay intervener's claim, not exceeding the amount of the bid.

REVERSED.