CHARLES F. SALISBURY, APPELLEE, v. EMORY W. MURPHY ET AL., APPELLANTS.

FILED MAY 6, 1903. No. 12,825.

Foreclosure: CANCELATION OF DEBT. A foreclosure sale of real property, whether the purchaser is the mortgagee or a stranger to the action, is not a cancelation or extinguishment of the mortgage debt, so long as the mortgagor, by resisting confirmation or prosecuting appellate proceedings, prevents the mortgagee from obtaining actual payment either in land or money.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, DISTRICT JUDGE. *Affirmed.*

*Thomas C. Patterson* and *Frank H. Woods,* for appellants.

*Wilcox & Halligan, contra.*

SULLIVAN, C. J.

This case comes here by appeal from an order of the district court for Lincoln county, confirming a foreclosure sale.

Some questions of practice discussed at length in the briefs and at the bar need not be considered, as they are raised by appellee, and the decision must, in any view of the case, be in his favor. The only question of substantive law presented by the record is: Whether a foreclosure sale of mortgaged property for a sum sufficient to satisfy the decree is to be regarded as payment, where the mortgagee is the purchaser and the order of confirmation is suspended by appeal. It is conceded that a mortgagee is in every case entitled to interest on the mortgage debt until it is paid; but it is asserted with apparent confidence that, when he is the purchaser, the amount of his bid is to be applied at once as a credit upon the decree, even where the mortgagor by instituting appellate proceedings continues to retain possession of the property. In other words, the contention of appellants is: That the sale to Salisbury operated as payment, although the mortgagor, by appealing from the order of confirmation, wrongfully withheld the title and possession of the property sold. This view of the matter is unsound both in law and morals, and the cases cited to sustain it (*Davis v. Dale,* 150 Ill. 239, and *Bogardus v. Moses,* 181 Ill. 554) are neither in point nor remotely analogous. They merely hold that the rights of the mortgagee as a purchaser are the same as they would have been if he were a stranger to the action. The question to be here determined is not with respect to the rights of the mortgagee as a purchaser, but whether the mortgage debt is to be regarded as paid and satisfied by a sale which devested neither the title nor possession of the mortgagor. This question in a somewhat different form arose and was decided adversely to the contention of the appellants in *Trompen v. Hammond,* 61 Neb. 446. That

case in effect holds that a foreclosure sale, whether the purchaser is the mortgagee or a stranger, is not a cancelation or extinguishment of the mortgage debt, so long as the mortgagor, by resisting confirmation or prosecuting appellate proceedings, prevents the mortgagee from obtaining actual payment either in land or money. Entertaining no doubt as to the correctness of this conclusion, we think the order under review should be affirmed.

AFFIRMED.