DeMoulin Loan & Investment Company, appellant, v. Samuel L. McLain et al.: J. L. Kennard, appellee.

Filed March 1, 1922.   No. 21905.

Judicial Sales: Duty of Officer. "An officer selling property on execution or under a decree in equity has no authority to sell on credit or to accept in payment of the bid anything other than lawful money, unless otherwise expressly authorized by the terms of the decree or the law in force governing such sale." *Hooper v. Castetter*, 45 Neb. 67.

Appeal from the district court for Sioux county: William H. Westover, Judge. *Affirmed.*

*G. T. H. Babcock,* for appellant.

*E. D. Crites* and *F. A. Crites, contra.*

Heard before Letton, Dean and Day, JJ., Allen and Begley, District Judges.

Dean, J.

Plaintiff, a loan broker, began this foreclosure suit July 18, 1918, to recover on eight real estate first mortgage interest coupons. December 2, 1918, a judgment

was rendered in plaintiff's favor for $133.10.  The coupons were a part of four separate interest coupon notes given by Samuel L. McLain to secure the payment of four certain loans made by plaintiff to McLain, for three of their customers, and were secured by four separate mortgages on four separate quarter sections of land then owned by McLain.  The principal sum of the mortgages aggregated $2,800.  Subsequently McLain sold the land to Nicholas Ress subject to the mortgages above referred to.  The land was sold at sheriff's sale under the decree and was bid in by plaintiff for approximately $575 subject to the mortgages.  The court held that plaintiff was entitled to the amount of its decree only but that all over that sum, less interest and court costs, should be paid to J. L. Kennard, an intervening defendant whose relation to the suit is hereinafter more fully detailed.  From the judgment so rendered plaintiff appealed.

June 15, 1918, Nicholas Ress and his wife executed a second mortgage on the land in suit to William R. Hennig to secure a loan in the principal sum of $8,500, due in five years, drawing annual interest at the rate of 6 per cent.  January 28, 1919, Kennard purchased the second lien note and mortgage of $8,500 from Hennig and was thereafter its holder and owner.  Samuel L. McLain, Nicholas Ress and Jane Ress, his wife, were the only persons who were made parties defendant in this suit.

Four causes of action were pleaded by plaintiff in his petition, based on the eight interest coupons given by McLain.  The coupons, in pairs of two each, represent the interest which had accrued on the mortgages on each of the respective four quarter sections of land.

December 2, 1918, defendants McLain and Ress having made no appearence, and their default was entered and, as we have seen, a decree was rendered in plaintiff's favor for $133.10 on the eight interest coupons.  In due course the lands were advertised and sold under the decree and bid in by plaintiff for $575, subject to the mortgages, as

hereinbefore noted. March 10, 1919, the sale was
confirmed and the sheriff was ordered to make a deed to
plaintiff pursuant to law. The surplus over the amount·
of the decree and court costs approximated $400, but
plaintiff did not pay this sum into court.

About two weeks after the purchase of the second lien
note and mortgage of $8,500, namely, February 15, 1919,
J. L. Kennard purchased from Ress the equity of redemp-
tion in the land in suit, and also the proceeds of the sale
of the lands, in excess of such sum as should be required
to pay the amount of plaintiff's decree herein.

Plaintiff having refused to pay the surplus into court,
Kennard, some time in the latter part of 1920, inter-·
vened and pleaded his interest in the land, his pur-
chase of the second lien mortgage and all of the interest
of Ress in the land and the like, and prayed that plain-
tiff be required to pay into court the amount of its bid,
namely, $575, and that the surplus which remained,
above the payment of the decree, interest and costs, ·
should be paid to him.

Plaintiff's contention is . that the surplus, over the
amount of the decree obtained by it, and which the de-
cree directed should be paid into court, could be satis-
fied by a surrender of unpaid interest coupons held by
it, which were not referred to nor declared on in the
petition, and which, of course, are no part of the sum on
which the decree is based. Under the law this cannot be
done, unless the decree so directs.

The affidavit of plaintiff's secretary was admitted in
evidence, over defendant's exception, and is a part of the
bill of exceptions. After describing the coupons sued on,
the affidavit refers to interest coupons held by it, which
were not pleaded in its petition nor incorporated in the
decree, and avers that plaintiff "is entitled to have all
of said interest coupon notes and interest due and unpaid
on said mortgages credited to the account of the bid made
by its attorney," and that it is "entitled to any and all
surplus money accruing from said bid." The statements

in the affidavit disclose plaintiff's theory of the case.

Section 8263, Rev. St. 1913, provides: "The proceeds of, every sale made under a decree in' equity shall be applied to the discharge of the debt adjudged by such court to be due, and of the costs awarded, and if there be any surplus, it shall be brought into court for the use of the defendant, or of the persons entitled thereto, subject to the order of the court."

*Hooper v. Castetter*, 45 Neb. 67, is a case involving a real estate mortgage foreclosure. It was there held that the officer making the sale is conclusively presumed to have made the sale for cash, unless the decree directs otherwise. It was further held: "An officer selling property on execution or under a decree in equity has no authority to sell on credit or to accept in payment of the bid anything other than lawful money, unless otherwise expressly authorized by the terms of the decree or the law in force governing such sale."

Counsel cites no authority in support of the assignment of alleged error upon which plaintiff depends, and we know of none. We adhere to the rule announced in the *Castetter* case. The judgment is

AFFIRMED.