REQUESTED BY: Fred A. Herrington, State Tax Commissioner, Lincoln, Nebraska.
Does section 77-2711(7), R.S.Supp., 1978, prohibit furnishing information to the Legislative Fiscal Analyst as to sales tax refunds to state agencies?
No.
You have informed us that the Legislative Fiscal Analyst has requested that you furnish him with information concerning sales tax refunds to all state agencies. The information requested includes the date of the refund, the agency receiving it, the amount of the refund, and the reasons therefor. You ask whether you are prohibited from furnishing this information by section 77-2711(7), R.S.Supp., 1978.
This subsection provides:
 "It shall be a Class I misdemeanor for the Tax Commissioner or any official or employee of the Tax Commissioner to make known in any manner whatever the business affairs, operations, or information obtained by an investigation of records and activities of any retailer or any other person visited or examined in the discharge of official duty, or the amount or source of income, profits, losses, expenditures, or any particular thereof, set forth or disclosed in any return, or to permit any return or copy thereof, or any book containing any abstract or particulars thereof to be seen or examined by any person not connected with the Tax Commissioner. Nothing in this section shall be construed to prohibit (a) the delivery to a taxpayer, his duly authorized representative, or his successors, receivers, trustees, executors, administrators, assignees, or guarantors, if directly interested, of a certified copy of any return or report in connection with his tax, (b) the publication of statistics so classified as to prevent the identification of particular reports or returns and the items thereof, (c) the inspection by the Attorney General or other legal representative of the state of the reports or returns of any taxpayer when information on the reports or returns is considered, by the Attorney General, to be relevant to any action or proceeding instituted by the taxpayer or against whom an action or proceeding is being considered or has been commenced by any state agency, or (d) the furnishing of any information to the United States government or to states allowing similar privileges to the Tax Commissioner."
We do not believe that the requested information comes within the literal language of the statute. Information as to refunds made by your office is not information obtained by investigation of the affairs of any taxpayer, but is simply a report of the final actions taken by your office. It is very possible that official action taken by you would be held to be a public record, as contemplated by section84-712, R.R.S. 1943, and as such open to public inspection. In Trompen v. Hammond, 61 Neb. 446, 85 N.W. 436 (1901), the court held that the dockets of a justice of the peace were public records within the meaning of that section, and open to public inspection. If you have held a hearing on a claim for a refund, it is very possible that the court would hold that the results of that hearing were public records, as contemplated by section 84-712.
Further, we point to the anomaly of our saying that this information was confidential, so far as an arm of the Nebraska Legislature is concerned, but is available to the United States government or to states allowing similar privileges to the Tax Commissioner, pursuant to section77-2711(7)(d).
We believe that providing confidentiality of the fiscal affairs of state agencies is not within the purposes of the enactment of section 77-2711(7). The fiscal affairs of state agencies are matters of public concern, and certainly a matter of legislative concern, and we do not believe it could have been the intention of the Legislature to provide a cloak for such matters. The statute refers to information obtained by an investigation of records and activities of `any retailer or other person.' We do not construe this as including the state or its agencies as `other persons.'
The Legislature has very broad powers of investigation and fact finding to aid it in its function of legislating. See 72 Am.Jur.2d 447, States, Etc., §§ 48 to 50. In the exercise of these powers it has created the office of Legislative Fiscal Analyst. The types of information he is required to provide to the Legislature are set out in section50-419, R.R.S. 1943. Section 50-420, R.S.Supp., 1979, provides:
 "Each officer, board, commission, and department of state government, including the Accounting Administrator of the Department of Administrative Services, shall furnish to the Legislative Fiscal Analyst, upon request, any information in its possession, including records received from other officers, boards, commissions, or departments of state government, whether such information is retained in computer files or otherwise, if such information is directly related to the performance of the official duties of the Legislative Fiscal Analyst under sections 50-418 to 50-420."
It appears to us that this section directly answers your question, if there were any previous doubt. Further, this section would authorize the Fiscal Analyst to obtain the information directly from each state agency involved. It would be strange, indeed, to say that he could require each state agency to furnish the required information, but could not get it from the Tax Commissioner. We therefore conclude that furnishing the required information will not be in violation of section 77-2711(7).