BANKERS UNION LIFE INSURANCE COMPANY, A CORPORATION, ET AL., APPELLANTS, v. THE NEBRASKA CORPORATION, A CORPORATION, ET AL., APPELLEES.

318 N.W.2d 730

Filed April 23, 1982. No. 44143.

John M. Guthery of Perry, Perry, Witthoff, Guthery, Haase & Gessford, P.C., for appellants.

Charles W. Hastings of Fitzgerald, Brown & Dunmire, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, and CAPORALE, JJ.

CAPORALE, J.

This appeal arises from a determination by the

District Court of Nebraska for Clay County that interest on certain sales of land at auction, pursuant to the terms of a stipulation among the parties, ceased upon the entry of its order of confirmation.

The plaintiffs-appellants, Bankers Union Life Insurance Company (Bankers) and Thomas Jefferson Life Insurance Company (Jefferson), assert the trial court erred in fact and law by failing to award appellants interest on their judgment to the day it was actually paid in full. We find the trial court was correct, and we affirm.

This matter arises out of a mortgage foreclosure action filed by appellants, as mortgagees, against The Nebraska Corporation, as mortgagor, and others, including appellees Hastings Production Credit Association and Mega Corporation, each of which was a junior mortgagee.

On March 31, 1980, a decree was entered by the District Court. That decree, as modified by an order nunc pro tunc, found certain amounts due to the appellants and Hastings Production Credit Association and Mega Corporation. It gave to The Nebraska Corporation a certain time period within which to remedy its default, otherwise a decree of foreclosure would be entered. The Nebraska Corporation failed to remedy its default within the allotted time and, on August 25, 1980, a decree of foreclosure was entered.

The Nebraska Corporation took an appeal to this court from the decree of March 31, 1980. Through our settlement procedures a stipulation for judgment was entered into by the parties. On November 6, 1980, we entered an order incorporating that stipulation.

The stipulation provided in pertinent part as follows:

"4. Nebraska Corporation and Jerry Wallingford are indebted to Bankers Union in the sum of $1,512,-291.58, as of August 11, 1980, with interest accruing

at the rate of $504.09 per day from and after August 12, 1980, and that said amount is a first lien on an undivided 88% interest of the real estate described in Exhibit 'A', a first lien on the personal property described in Exhibit 'C', and a second lien on the personal propperty [sic] described in Exhibit 'B', all of which are attached hereto and made a part hereof by this reference. The Nebraska Supreme Court should enter judgment in this amount in favor of Bankers Union against Nebraska Corporation and Jerry Wallingford.

"5. Nebraska Corporation is indebted to Mega in the sum of $32,529.13 as of August 11, 1980, with interest accruing at the rate of $10.84 per day from and after August 12, 1980 and that said sum is a second lien on an undivided 88% interest on the real estate described in Exhibit 'A', and the Nebraska Supreme Court should enter a judgment in this amount in favor of Mega and against Nebraska Corporation.

"6. Nebraska Corporation is indebted to Hastings Production Credit Association in the sum of $435,-614.87 as of August 11, 1980, with interest accruing at the rate of $145.20 per day from and after August 12, 1980 and said sum is a third lien on the real estate described in Exhibit 'A' and a first lien on personal property described in Exhibit 'B', attached hereto and made a part hereof, and the Nebraska Supreme Court should enter a judgment in this amount in favor of HPC and against Nebraska Corporation.

. . . .

"10. Lightner Auction & Realty Company shall be retained as auctioneer to conduct the public sale, with the sale to take place on the premises, at a site agreed to by the parties, on or before November 17, 1980. The fee to be paid said auctioneer shall be 1% of the gross sales price of the real property and personal property, under the terms and conditions of the listing contract marked as Exhibit 'D', attached hereto and made a part hereof by this reference.

That the 1% fee paid to the auctioneer shall cover all expenses incurred by the auctioneer in the preparation and conducting of said sale, provided, however, that the auctioneer shall not be responsible for advertising. The sale to be conducted by the auctioneer shall cover both the real and personal property described in this agreement.

"11. The advertising expenses incurred in preparation for this sale shall be paid by Nebraska Corporation and Wallingford at their own expenses, and said expenses shall not be reimbursed out of the proceeds of this sale. All advertising shall be commenced at least thirty (30) days prior to the date of sale.

"12. Title Insurance shall be obtained and given to the purchaser or purchasers of the real property described in this agreement, and the expense of such title insurance shall be taken out of the gross sale price of the sale as a sale expense.

"13. Terms of the sale shall require the purchaser to pay 15% down, by certified or cashiers check or personal check with bank letter of credit, and the balance upon closing, which shall not be more than thirty (30) days after the day of the auction. The closing shall take place at Bankers Union's attorney's office, 1806 First National Bank Building, Lincoln, Nebraska. Provided, however, that in the event Banker's Union is the purchaser, it shall not be required to make any down payment or to make any payment at closing to the extent that the total bid of Banker's Union is equal to or less than the amount due to it under this agreement except an amount necessary to pay the real property sale expenses as hereinafter described. To the extent that the amount bid by Bankers Union would be in excess of the amount due to it under this agreement after the payment of the real property sale expenses, it shall pay the difference at the time of closing. Payments shall be made to Dan Baird, as

trustee, who shall then make disbursements in accordance with this agreement."

In conformance with the stipulation and court order, a sale of the subject real estate was conducted by public auction on November 17, 1980.

On December 2, 1980, a motion was filed in the District Court by the appellants to confirm the sale which had taken place on November 17, 1980.

An order confirming the sale was filed December 10, 1980, directing that deeds be delivered to the purchasers by the trustee upon final payment.

Closing on one parcel of land auctioned November 17, 1980, apparently through no fault of appellants or appellees, did not take place until January 30, 1981, because of a variety of problems.

On February 3, 1981, Hastings Production Credit Association filed a motion in the District Court asking it to determine that interest on appellants' judgment ceased upon entry of the order of confirmation.

The District Court determined that the interest on appellant's judgment terminated on December 10, 1980. The court allocated $504.09 of the disputed interest to appellants, $10.84 to Mega Corporation, and the balance of $12,041.85 to Hastings Production Credit Association. Appellants contend they are entitled to interest to January 30, 1981, the date their judgment was paid in full, claiming the proper amount to be $11,993.10.

It is true, as appellants argue, that Neb. Rev. Stat. § 45-103 (Reissue 1978) provides that interest on all decrees and judgments for the payment of money shall be from the date of rendition until the same shall be paid. It is likewise true that in *Trompen v. Hammond,* 61 Neb. 446, 85 N.W. 436 (1901), wherein the mortgaged property was offered for sale in the usual way, we held that the lienholder was entitled to interest during the 18 days which intervened between the sale and confirmation. Moreover, it is

true that in *Stenger v. Carrig,* 61 Neb. 753, 86 N.W. 475 (1901), wherein a decree was entered on April 25, 1896, an order of sale issued and the premises sold on May 17, 1897, the sale confirmed on June 5, 1897, an appeal to this court dismissed at the January 1899 term, and a mandate issued to the trial court on April 3, 1899, we held that interest accrued from the date of the decree until paid. From the foregoing statute and cases, appellants distill the rule that interest in mortgage foreclosure cases accrues until both payment and confirmation have taken place.

However, there is a distinction between the above-cited cases and the one sub judice, in that in the former the sales were conducted pursuant to the statutory procedures relating to foreclosure sales and in the latter the sales were conducted pursuant to terms stipulated to by the parties. In the usual foreclosure proceedings, the bidder ordinarily pays cash at the time of the sale and, upon confirmation, takes whatever interest would have vested in the mortgage. *DeMoulin Loan & Investment Co. v. McLain,* 107 Neb. 858, 187 N.W. 123 (1922); *Gosmunt v. Gloe,* 55 Neb. 709, 76 N.W. 424 (1898); *Mauzy v. Elliott,* 146 Neb. 865, 22 N.W.2d 142 (1946). In the instant case, the bidders were allowed to make partial payment at the time of sale and were entitled to title insurance. These were procedures negotiated by the parties hereto and agreed upon among themselves in an effort to realize more money for all than might be the case under the statutory foreclosure procedures. Under such circumstances, it cannot be said the provisions of § 45-103 as applied in *Trompen* and *Stenger* control. It cannot be said appellants were entitled to interest as a matter of right after confirmation and prior to payment.

A court of equity has reasonable discretion to allow or withhold interest as is reasonably just, except in cases where interest is recoverable as a matter of right. *Cumming v. Cumming,* 193 Neb. 601, 228

N.W.2d 296 (1975); *Patterson v. Spelts Lumber Co.,* 166 Neb. 692, 90 N.W.2d 283 (1958).

Under the circumstances of this case, it cannot be said the trial court abused its discretion in allocating the interest as it did.

AFFIRMED.