### SHARP *v.* STAMPING COMPANY.

Letters-patent No. 79,989, granted July 14, 1868, to Hiram Y. Lazear, tor an improvement in gas-heaters, are valid.

APPEAL from the Circuit Court of the United States for the District of Massachusetts.

The facts are stated in the opinion of the court.

*Mr. Arthur v. Briesen* for the appellant.
*Mr. J. L. S. Roberts, contra.*

MR. JUSTICE WOODS delivered the opinion of the court.

On July 14, 1868, letters-patent No. 79,989 were granted to one H. Y. Lazear for an improved apparatus for broiling steak by gas. This patent was transferred by the assignment of the

patentee to one W. Phillips, who, by another assignment, transferred it to James L. Sharp. The invention was represented and described as an upright cylinder or closed casing of sheet-metal, with a lid for closing the top, and with an open bottom. The diameter of the open bottom was traversed by a V-shaped horizontal trough, dividing it into two equal openings, through which the flame of a gas-stove, over which the apparatus was placed, might enter in two equal sheets. The trough was filled with plaster of Paris or other good non-conductor of heat, and upon this non-conductor the dripping-pan was placed for receiving the juices of the meat. The steak was clasped in a wire broiler, which was placed in the cylinder or closed casing in a vertical position, with its lower end resting in the dripping-pan, the two flat sides of the meat being equally exposed to the two sheets of flame which entered the lower end of the cylinder in the manner stated. The object was to produce an apparatus in which both sides of the meat might be cooked equally and at the same time, and in which the drippings from the meat might be caught in a pan, where it would be protected from the injurious effects of the heat. The latter object was obtained by the non-conductor filling upon which the drip-pan rested, and which filled the V-shaped trough. The trough served to contain the filling and support the pan, and to divide the flame into two equal sheets, which ascended along the sides of the steak.

The first and third claims of the patent were thus stated:—

"1. The V-shaped trough E and the filling E', by which the flame is divided, and the grease protected from burning, and smoke thereby prevented, substantially as described, in combination with a gas steak-broiler."

"3. An apparatus for broiling steak by gas, whereby the steak is broiled or cooked simultaneously on both sides, or where the sides are equally exposed to the flame and heat, substantially as shown and described."

On May 3, 1876, Sharp filed the bill in this case. He claimed to be the sole owner of the letters-patent issued to Lazear, and charged that the defendant, the Dover Stamping Company, had unlawfully and wrongfully made, used, and sold, and was making, using, and selling, large quantities of

gas-heaters, such as were described and claimed in the letters-patent, in infringement of them and in violation of his exclusive privilege.

The bill prayed that the defendant might be compelled to account for and pay over all gains and profits derived from the infringement of the patent, and for a perpetual injunction restraining it from making, using, or vending gas-heaters embodying the invention described in the letters-patent claimed by complainant.

Upon final hearing in the Circuit Court the bill was dismissed. Sharp thereupon brought the case here by appeal.

It is conceded by the defendant that the gas-heaters manufactured by it embody the invention claimed in letters-patent issued to Lazear. The defence relied on is that Lazear "was not the original and first inventor of the whole or any substantial or material part of the things set forth and claimed as new in said letters-patent, but that prior to said alleged invention thereof the same had been described and set forth in the following specified letters-patent of the United States, and known to and used by the several patentees therein named, at the places of their respective residences, that is to say: No. 28,781, dated June 19, 1860, and granted to William F. Shaw, of Boston, Massachusetts; No. 38,018, dated March 24, 1863, and granted to James M. Dick, of Buffalo, New York; and No. 66,911, dated July 16, 1867, and granted to D. C. Teller, of Terre Haute, Indiana."

Dick's patent was not introduced in evidence, but Shaw's and Teller's were.

The apparatus described in the Teller patent was a cylindrical vessel, having a central opening in the bottom, and an annular opening around the central opening, and a series of vertical wires or rods inserted in the annular bottom that intervened between the two openings. An inverted conical deflector was suspended in the central space from above.

The claim of Teller's patent was thus stated: —

"The vertical position in which the steaks are placed over the fire, and the arrangement of the vertical rods EE, all substantially enclosed with the cap C, as specified for the purposes in the specifications."

It is clear that this contrivance did not anticipate the invention of Lazear. It had no V-shaped trough, filled with a nonconducting substance, nor the dripping-pan referred to and claimed in his letters-patent, nor anything resembling it. It was not adapted to be used with a removable wire broiler, and did not evenly distribute the flame along two sides of the steak. In short, it did not in any manner embody or anticipate the first and third claims of those letters.

The Shaw patent shows an apparatus for broiling or roasting by gas. Its character is thus generally described by the inventor in his specification : —

" The nature of my invention consists in the arrangement of the steak-holder, the heating-chambers, and the burner or burners. Also in the arrangement of two deflectors in the heating-chamber, and with respect to the burner or burners and the steak-holder, when arranged as specified."

It consisted of a heating or broiling chamber, whose front vertical side could be removed, and was constructed as a thin, hollow box attached to a drip-pan or gravy-receiver. Against and alongside the inner face of the said cover, and within the heating-chamber, a steak-holder was placed, composed of two wire frames, hinged or connected together at or near one edge of each and furnished with handles. When a steak or other food was to be cooked in the apparatus, it was placed in the steak-holder. In the bottom of the cooking-chamber there was a long opening under which the gas-burners were placed. Over this opening was arranged an inclined deflecting-plate, which extended across the heating-chamber from end to end.

In the upper part of the heating-chamber, and over the deflecting-plate above mentioned, was arranged another deflecting-plate. By means of thin deflectors and the arrangement of the steak-holder, the broiler-chamber and the burners, the inventor claimed to be able to obtain a more equal distribution of the heat within the heating-chamber, with less liability of burning the steak and a better chance of collecting the gravy, than when the steak-holder was placed horizontally over the burners.

The claims of the inventor were thus stated: —

" I claim the arrangement of the steak-holder, the broiling-chamber, and the burner or burners.

" Also the arrangement of the two deflectors within the heating-chamber, and with respect to the burner or burners and the steak-holder when arranged as specified.

" Also the combination of the closed air-chamber or space in the cover with the steak-holder and heating-chamber arranged as specified.

" Also the combination of the vertical side or cover with the steak-holder and drip-pan, said side or cover having a closed air-chamber or space, as specified and shown in drawings."

It requires no discussion to show that this is not an anticipation of the Lazear patent. The Shaw patent does not describe or claim what is shown and claimed in the first and third claims of the Lazear patent.

It has no V-shaped trough, filled with plaster of Paris or other non-conductor of heat, by which the flame is divided and the grease protected from burning.

It is not an apparatus for dividing the flame so that the sides of the steak may be equally exposed thereto, and the steak thus broiled simultaneously and equally on both sides. On the contrary, the flame is not divided at all, and whatever flame reaches the side of the steak next to the removable vertical cover, does so by impinging against the upper deflector, and then passing over the top of the steak-holder and descending between the steak and the removable vertical cover.

The evidence makes it clear that this contrivance is not capable of broiling a steak equally and simultaneously on both sides, the lower deflector causing the lower part of the steak to remain raw while the upper part is burned, and the side next the removable vertical cover is left raw.

We can find nothing in this invention which anticipates the claims of the Lazear patent.

To sustain the averment in the answer, of want of novelty in the apparatus described in the Lazear patent, the defendant has introduced an apparatus called Shaw's Cooker, which he alleges was designed and manufactured and sold by Shaw as early as 1856.

This consisted of an upright cylindrical heating-chamber with a round hole in the bottom. Under this hole the gas-burners were placed. To direct the flames the hole was partially filled by a cone-shaped disc, which filling the central portions of the hole left an annular open space next its outer edge through which the flames could enter the heating-chamber. The flames, therefore, entered the heating-chamber in the form of a cylinder. The steak or other meat to be cooked was suspended from hooks fastened to the cover of the cooking-chamber.

The cone-shaped disc which partially occupied the opening in the bottom of the cooking-chamber was filled with plaster of Paris and hard-coal ashes. The drip-pan was placed over the disc on legs or supports which allowed a passage of air under the drip-pan. The meats were suspended over the pan.

This apparatus was not contrived to accomplish the ends which Lazear's letters-patent had in view, nor was it an equivalent of his apparatus. Instead of dividing the volume of flame into two sheets, by which a steak could be broiled simultaneously on both sides, both sides being equally exposed to the flame and heat, it admitted the flames to the cooking-chamber in the form of a hollow cylinder. The steak, therefore, suspended from the top of the cooking-chamber would not be equally exposed to the flame and heat. The edge of the steak would be cooked more rapidly than the other portions.

It is evident, and the testimony sustains this view, that Shaw's contrivance was a gas cooking-stove for cooking food of various kinds, — particularly joints of meat and fowls. It was not specially intended or adapted for cooking steaks in the way in which that process was accomplished by Lazear's apparatus.

Nor was the dripping-pan contrived to secure the ends for which the Lazear patent was designed. The dripping-pan being elevated on legs or supports above the disc, left a space underneath, which the flames would fill, and thus allow the juices of the meats to be burned, a result which was averted by the Lazear patent. That left no space between the drip-

pan and the V-shaped trough filled with plaster of Paris or other non-conductor of heat. The fact that its bottom rested upon the plaster of Paris protected the juices of the meat from the action of the flames.

Upon a consideration of all the evidence we are satisfied that the invention of Lazear was new and original, and had not been anticipated by the patents of Teller or Shaw, or the gas-stove made by Shaw in 1856.

The invention, it is admitted, has been infringed by the defendant. The evidence places its utility beyond question. Being novel and useful, and protected by the letters-patent issued to Lazear, the defendant should account to the complainant for the gains and profits derived by it from the infringement of the Lazear patent.

As the Circuit Court dismissed the bill, the decree must be reversed and the cause remanded for further proceedings in conformity with this opinion.

*So ordered.*