D. C. LINDLEY v. THE ATCHISON, TOPEKA & SANTA
FÉ RAILROAD COMPAMY.

1. TRIAL—*Admissions*—*Direction of Judgment.* The court is warranted
   in acting upon the admissions made by parties during the trial of a
   cause; and where the plaintiff, in making the opening statement of
   his case to the court and jury, admits or states facts the existence
   of which absolutely precludes a recovery by him, the court may close
   the trial at once and give judgment against him.

2. ———— *Opening Statement*—*Record.* Where such opening statement
   is not preserved in a bill of exceptions, it forms no part of the rec-
   ord of the district court.

*Error from Sumner District Court.*

THE opinion contains a sufficient statement of the case.

*W. A. McDonald,* and *Charles Willsie,* for plaintiff in error.
*Geo. R. Peck, A. A. Hurd, Robert Dunlap,* and *O. J.
Wood,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: D. C. Lindley brought this action against
the railroad company to recover damages for personal injuries
alleged to have been sustained while traveling on a stock train.
The first trial of the case resulted in a verdict in his favor,
but proceedings in error were prosecuted, and the judgment
of the district court was reversed, and the cause remanded for
a new trial. (*Railroad Co. v. Lindley,* 42 Kas. 714.) When the
case was called for trial the second time, a jury was impaneled,
after which the plaintiff by his counsel stated his case to the
jury, and the evidence by which he expected to sustain it.
He then offered in evidence a deposition which had been taken,
when the defendant objected to the reading of the same, for
the reason that the amended petition did not state facts suffi-
cient to constitute a cause of action in favor of the plaintiff
and against the defendant, and for the further reason that the
statement made to the jury shows that the plaintiff was guilty

of such contributory negligence as would preclude a recovery against the defendant. The objection was sustained by the court, and the jury discharged. The plaintiff brings the case here upon a transcript of the record, asking a review and a reversal of the ruling of the district court.

The first question presented is, whether the court may dispose of the case upon the statement. made by the plaintiff in opening his case. Such a statement is a part of the procedure of the trial. The code provides that, when the jury is sworn, the plaintiff or party who has the burden of proof may proceed to state his case to the jury, and the evidence by which he expects to sustain it. (Civil Code, § 275.) If the statements or admissions then made are such as to absolutely preclude a recovery, it would be useless to consume further time or to prolong the trial. The court is warranted in acting upon the admission of the parties the same as upon the testimony offered; and, as it may sustain a demurrer to the evidence of the plaintiff and give judgment against him, it would seem that when he stated or admitted facts which were fatal to a recovery the court might close the case at once. The same question arose in like manner in *Oscanyan v. Arms Co.*, 103 U. S. 251. Justice Field, who pronounced the judgment of the court, stated that—

"The power of the court to act in the disposition of a trial upon facts conceded by counsel is as plain as its power to act upon the evidence produced. The question in either case must be whether the facts upon which it is called to instruct the jury be clearly established. If a doubt exists as to the statement of counsel, the court will withhold its directions, as where the evidence is conflicting, and leave the matter to the determination of the jury. In the trial of a cause the admissions of counsel, as to matters to be proved, are constantly received and acted upon. They may dispense with proof of facts for which witnesses would otherwise be called. They may limit the demand made or the set-off claimed. Indeed, any fact bearing upon the issues involved, admitted by counsel, may be a ground of the court's procedure, equally as if established by the clearest proof. And if, in the progress of a trial, either by such admission or proof, a fact is developed

which must necessarily put an end to the action, the court may, upon its own motion, or that of counsel, act upon it and close the case."

If the statement made to the court and jury by the plaintiff showed beyond dispute that the injuries which he received were the result of his own negligence, he could not recover anything from the defendant, and it would have been idle to have proceeded further with the trial of the cause. It is contended, it is true, that the statement made contained no fatal admission or any statements which justified the action of the court; but, unfortunately for the plaintiff, the statement is not found in the record. It might have been preserved by a bill of exceptions or in a case-made, but neither has been done. There appears to have been an attempt to make the statement a part of the record, as there is attached to what purports to be the statement a certificate made by the official stenographer of the district court. This certificate is unavailing. Such a statement can only be made a part of the record through a bill of exceptions settled and signed by the court, and it is not contended that this has been done. A certificate has been made by the judge that the statement appended to the record is a true and correct transcript of the same; but it is not the province of the judge to authenticate a transcript of record. If the court had allowed a bill of exceptions containing the statement, and made the same a part of the record, it would have been the province of the clerk, and not of the judge, to have authenticated a transcript of the same. It follows that the statement is not before us for consideration, and therefore the ruling and judgment of the district court must be affirmed.

All the Justices concurring.