## THE MISSOURI VALLEY LAND COMPANY v. J. J. BARWICK *et al.*

1. GROWING CROPS—*Mortgage—Foreclosure Sale.* Growing crops pass with the soil to the purchaser at a mortgage foreclosure sale, where there is no reservation nor waiver of the right to the crops at such sale.

2. DEED, *Construed — Title to Crops.* A confirmation of such sale and the execution of a deed thereunder relate back to the time of sale, and entitles the purchaser to such crops as were growing upon the land at the time of sale, but which were ripe and standing upon the land at the time of the confirmation of sale and the execution and delivery of the deed.

*Error from Montgomery District Court.*

THE opinion states the case.

*Riggs & Nevison,* for plaintiff in error:

The court below found that the sale was made on the 10th day of August, and the confirmation was made on the 30th day of August; and as its conclusion of law therefrom, that "the right of the purchaser at the sheriff's sale relates back to the time of the confirmation, and not prior thereto." We think that the court must have overlooked the decisions of this court which have so repeatedly decided this question. See *Farlin v. Sook,* 30 Kas. 402. See, also, 2 Jones, Mortg., § 1658.

The court below erred in its third conclusion of law, which was as follows: "That crops that mature and ripen between the time of the sale and the confirmation thereof, and are ripe and ready for harvest at the time of the confirmation, do not pass under a deed made in pursuance of the confirmation." This is clearly wrong, and not sustained by the decisions of this court, or by the text-books on that question. See, also, *Fink v. Roe,* 11 Pac. Rep. 823; 70 Cal. 296; *Emerson v. San-some,* 41 id. 522; *Morse v. Savings Bank,* 20 Atl. Rep. 961; 47 N. J. Eq. 279; *Walker v. Hills,* 22 id. 514–530; *Jacobus v. Insurance Co.,* 27 id. 605–608; 46 id. 161; *Beckman v. Sykes,* 35 Kas. 120; *Smith v. Hague,* 25 id. 248; *Chapman v. Veach,* 32 id. 167; 2 Jones, Mortg., § 1658; Tied. Real Prop., § 2.

*J. J. Barwick,* for defendants in error:

We think that the growing corn in this case belonged to the defendants and did not pass with the mortgage sale of the land. See 4 Kent, Comm. 82; 1 Wash. Real Prop. 121; 55 Am. Dec. 161, and cases cited in note; 12 Ind. 206; 7 Kas. 307; 16 id. 50; 1 Wash. Real Prop. 6, 7, and cases cited in notes; 4 Zab. 89.

But it is contended that the crops attach to the freehold from the time of sale, and not from the time of confirmation. This rule, we think, is not applicable to grain which has ma-

tured and is ready for harvest. 56 Iowa, 679; 1 Schouler, Pers. Prop. 125; Bing. Real Prop. 180, 181.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to enjoin the sale or removal of corn which had been grown upon mortgaged premises. In April, 1886, Marcellus S. Updike, who was the owner of the land, mortgaged the same for the sum of $1,800. At the same time he executed a second mortgage for the sum of $180. The mortgage debt was payable in five years, and was to draw interest at the rate of 8 per cent., payable semi-annually. The mortgage provided that in case of default on the part of the mortgagor the mortgage should become absolute, and the holder of the mortgage would be at once entitled to the possession of the premises, and to receive all the rents and profits of the same. Subsequently Updike conveyed the land to one Nicholas Hyatt, and he in turn conveyed the same to one Frank P. Gildersleeve, and afterward, on April 20, 1887, Gildersleeve conveyed the land to the defendant J. J. Barwick. Each of these conveyances was made subsequent to the mortgage which had been given by Updike. Barwick at once took possession of the land, and has continued to occupy the same ever since, either by himself or tenant. No interest was ever paid upon the mortgage debt by any of the owners of the land, and in 1888 an action was begun by the Western Farm Mortgage Company, the owner of the second mortgage, to foreclose the same, and the defendant Barwick and his wife were joined as parties defendant. On December 22, 1888, a personal judgment was obtained against Updike and his wife, and a decree was entered foreclosing the mortgage and ordering the sale of the mortgaged premises, subject to the first mortgage, the sale not to be made until after the expiration of six months. In March, 1889, the defendant Barwick leased the premises for one year, the rental to be one-third of the crops raised thereon. In the succeeding April, the tenant Barwick planted the crop of corn over which this controversy arises. Afterward, on

the 9th day of July, 1889, an order of sale was issued in pursuance of the judgment and decree of foreclosure, commanding the sheriff to sell the premises in question, but it made no reference to any growing crops upon the land. In pursuance of this order, the sheriff duly advertised the premises for sale, and sold the same on August 10, 1889, to the Missouri Valley Land Company, which sale was confirmed by the district court on August 30, 1889, and the sheriff was directed to execute a deed to the purchaser. On November 21, 1889, the sheriff's deed was executed and delivered. The corn grown upon the premises matured, and became ready for harvesting on August 30, 1889, and at that time the greater part of it was standing in the field and ungathered. On September 1, 1889, the defendants were proceeding to gather and remove the corn when a temporary injunction restraining them was obtained.

The court found "that on the 30th day of August, 1889, the corn on said premises was mature and ready to be harvested; that it had ceased to draw sustenance from the ground, and the only office performed by the ground was to furnish it a resting place;" and further found, that crops which mature and ripen between the time of sale and confirmation do not pass under the sheriff's deed, and that the rights of a purchaser at the sheriff's sale relate back to the time of confirmation, and not prior thereto. In this there was error. It is conceded that the crop in controversy was growing and immature when the sale occurred, and as there was no reservation of the crop at the sale, it passed with the soil to which it was united. (*Beckman v. Sikes*, 35 Kas. 120, and cases there cited. See, also, *Goodwin v. Smith*, 49 Kas. 351; 31 Pac. Rep. 153.) In this state there is no period of redemption given, and the purchaser is required to pay the purchase money at the time of the sale. His right to a conveyance of the premises is obtained by virtue of the sale, and when the conveyance is made it relates back, not to the confirmation, but to the sale itself. It is true the proceedings under the order of sale were not perfected until the court had examined them and sanctioned

the sale, but when the confirmation occurs, and the deed is issued, they relate back to the date of the sale, and entitle the purchaser to the crops which were then unripe and growing upon the premises. (*Galbreath v. Drought*, 29 Kas. 711; *Farlin v. Sook*, 30 id. 402; *Emerson v. Sansome*, 41 Cal. 552; *Frink v. Roe*, 70 id. 296; *Walker v. Hills*, 22 N. J. Eq. 514; *Morse v. Savings Bank*, 20 Atl. Rep. 961; *Ruggles v. National Bank*, 43 Mich. 192; *Insurance Co. v. Bigler*, 79 N. Y. 568; 2 Jones, Mortg., § 1658.)

Upon the facts found by the court, the Missouri Valley Land Company acquired a right to the crops in controversy, and hence the judgment of the court will be reversed, and the cause remanded with directions to enter judgment upon the findings in favor of that company.

All the Justices concurring.