GEORGE M. NOBLE v. OLIVER FRACK.
No. 118.

1. STATEMENT OF CASE — *demurrer to, should be overruled, when merely insufficient.* Where an objection is made to plaintiff's opening statement of his case to the court and jury on the ground that the same does not state facts sufficient to constitute a cause of action, such objection should not be sustained because of the incompleteness of the statement, but only where it clearly appears that it admits facts which absolutely preclude a recovery; and where an objection of this kind is made to the statement of a case which does not make admissions of the character referred to, and whose lack of fullness is supplied by the allegations of a good petition, such objections should be overruled.

2. CASE-MADE — *evidence not in record immaterial in this case.* Where the court sustained a demurrer to plaintiff's statement of his case to the jury, and refused to permit plaintiff to introduce any testimony whatever under his petition, this court will consider the petition in error and case-made notwithstanding the latter does not contain the evidence thus offered and rejected.

Error from Stafford District Court.   Hon. J. H. Bailey, Judge.   Opinion filed May 20, 1897.   *Reversed.*

This was an action for conversion brought by the plaintiff in error against the defendant in error. Proper pleadings were filed.   The case was called, a jury impaneled and plaintiff stated his case to the jury. The defendant demurred to the statement of plaintiff's case because "all the facts stated, if true, are not sufficient to constitute a cause of action in favor of the plaintiff and against the defendant."   The court sustained the demurrer.   The plaintiff offered evidence to sustain the allegations of his petition, which offers were refused by the court, and judgment was rendered for the defendant for costs.

*Fuller & Whitcomb*, and *Mosley & Dixon*, for plaintiff in error.

*J. W. Rose*, for defendant in error,

MILTON, J.   The question of practice which arises in this case is not discussed in the briefs of counsel, but the Supreme Court has considered the question in the case *Lindley v. A. T. & S. F. Rld. Co.* (47 Kan. 432).   In that case the defendant objected to the introduction of any testimony by the plaintiff for the reason that the petition did not state facts sufficient to constitute a cause of action, and that the plaintiff's statement of his case showed such contributory negligence on his part as to preclude a recovery. The trial court sustained this objection, and the Supreme Court approved its ruling and judgment, announcing in its opinion the following rule :

"Where the plaintiff, in making the opening statement of his case to the court and jury, admits or states

788     Noble v. Frack.

S. Dept.     Opinion.   Milton, J.     5 Kan. App.

facts the existence of which absolutely precludes a recovery by him, the court may close the trial at once and give judgment against him."

It is entirely consistent with this rule to say that where an objection is made to the statement of the case only, it should not be sustained because of the incompleteness of the statement, but only when it clearly appears that such statement admits facts which absolutely preclude a recovery; and that where an objection of this kind is made to the statement of the case which does not make admissions of the character referred to, and whose lack of fullness is supplied by the allegations of a good petition, such objection should be overruled.

Thus viewed, the demurrer in this case ought to have been overruled. Plaintiff ought to have been permitted to try his case. The jury was already impaneled, and both parties ready for trial. No demurrer was interposed to the petition. It states a cause of action. Whether or not its allegations could have been proven is not a matter to be now considered.

Counsel for the defendant in error very earnestly argues that the petition in error should not be considered for the reason that the case-made does not contain the offered evidence. The obvious answer to this objection is that we are considering the demurrer to the statement, and that alone. The rejected evidence could not aid us. No evidence went to the jury and no verdict was rendered. Both the petition and the statement set forth that plaintiff was the owner of the real estate and of the crops, and the statement avers that his title was under a sheriff's deed and that there was no reservation of the crops at the time of

sale. Paragraph 4557, General Statutes of 1889, contains this provision :

"The deed shall be sufficient evidence of the legality of such sale, and the proceedings therein, until the contrary be proved, and shall vest in the purchaser as good and as perfect an estate in the premises therein mentioned, as was vested in the party at, or after, the time when such lands and tenements became liable to the satisfaction of the judgment."

The statement of the case is greatly strengthened by reason of this statute. *Land Co. v. Barwick*, 50 Kan. 57 ; *National Bank v. Beegle*, 52 id. 709 ; *Shockey v. Johntz*, 2 Kan. App. 483.

Counsel for defendant in error presents the following in his brief :

" The only statement in reference to what the record contains outside of the certificate of the court is found on page 22, and is as follows : ' The foregoing contains a true and correct statement of all the pleadings, motions, orders, evidence, findings and proceedings upon which judgment was rendered.' From this the court will see that there is nothing in the record in this case to show what evidence was offered and rejected, and nothing to show that the pretended statement made by plaintiff's attorney to the jury was all the statement made by him in the case."

The words used in this certificate, which is signed by the counsel for plaintiff, are sufficient to cover the statement made, and to assure us that it is all set forth. We hold, also, that the petition in error, while not so specific as it might well be, is sufficient to support the appeal. Counsel for plaintiff in error were permitted by this court to amend their brief by inserting specifications of error. The brief, as thus amended, substantially complies with rule seven. A number of objections are urged by counsel for defendant in error,

which need not be considered owing to the conclusion we have reached.

For the foregoing reasons the judgment will be reversed, and the case remanded for further proceedings in accordance with the views herein expressed.