H. B. CRONKHITE *et al.* v. LEAH V. BUCHANAN,
*Administratrix, et al.*

**No. 10765.**

1. JUDICIAL SALE—*death of purchaser before confirmation does not avoid, nor affect proceedings.* The death of a purchaser at a sheriff's sale before confirmation thereof, does not avoid the sale, but it may be confirmed by the court and a deed ordered, on the motion of any party interested, as if such death had not occurred.

2. ——— *sale of two adjoining tracts on single bid, one tract debtor's homestead, presumed proper till contrary shown.* A sale of two adjoining quarter-sections of land, one of which is the defendant's homestead, on a single bid under a mortgage foreclosure, is not necessarily invalid. The officer will be presumed to have proceeded regularly and properly, in the absence of any showing to the contrary.

Error from Ottawa District Court. R. F. Thompson, Judge. Opinion filed July 8, 1898. *Affirmed.*

*F. E.* and *J. A. Smith,* for plaintiffs in error.

*David Martin,* for defendants in error.

ALLEN, J. The plaintiffs in error seek the reversal of an order of the District Court of Ottawa County confirming a sale of real estate, based on a judgment in favor of Sarah J. Buchanan against H. B. Cronkhite and others, made during the lifetime of the plaintiff, and under which certain mortgaged lands were bid in by her. The sale was made on the twentieth of February, 1893. The plaintiff died on the second day of December of the same year. On the twenty-fourth of August, 1896, motions to set aside the sale were filed by Cronkhite and wife and the Citizens' National Bank of Kansas City, Missouri. On the same day motions to confirm the sale were filed by Leah V. Buchanan, as administratrix with the will annexed of the estate of Sarah J. Buchanan, and by Rees and Tomlinson,

as assignees of the judgment. The court sustained
the motions to confirm and overruled the motions to
set aside the sale. A motion to dismiss this proceed-
ing is interposed on various grounds, but none of them
are deemed sufficient to prevent a consideration of the
case on its merits. Numerous errors are alleged, and
discussed at much length with elaborate citations of
authorities. The record, however, narrows the field
of inquiry and renders it unnecessary to consider all
the matters discussed by counsel.

Two quarter-sections of land between which there
is a public highway were sold as one tract. It is con-
tended that each quarter-section should
have been sold separately. Both were
included in one mortgage and ordered
sold to satisfy the debt. The sheriff's return merely
shows that the whole of the land was offered for sale,
and sold to S. J. Buchanan for $3500; that being the
highest and best bid made therefor. It is not shown
that any request was made by the defendant that the
tracts be offered separately, nor does it affirmatively
appear that they were not so offered. There was evi-
dence tending to show that it could be sold more ad-
vantageously as one tract than if divided. The fact
that the defendants Cronkhite and wife resided on one
quarter-section as their homestead did not render it
imperatively necessary that the sheriff should offer it
in separate parcels without any request to do so hav-
ing been made.

*2. Sale of two ad-
joining tracts of
land presumed
proper.*

There is no merit in the contention that the court
erred in confirming the sale because the parties mov-
ing for the confirmation were not the proper parties
to do so. *Ferguson v. Tutt*, 8 Kan. 370; *Galbreath v.
Drought*, 29 id. 711.

It is said that the judgment in favor of Sarah J.
Buchanan was never revived by the administratrix of

her estate : that the judgment became dormant, and that while dormant no judicial step could be taken based on it; that in the confirmation of a sale the court acts judicially, and must therefore have proper parties before it. This proposition is the one most elaborately argued by counsel for plaintiff in error. Under the rule declared in *Kelly v. Stevens* ( 58 Kan. 569, 50 Pac. 595 ), the record does not present the question sought to be raised. It does not affirmatively show that the judgment was not revived. In the case mentioned it was held that, where one of the parties died after the action was brought and before trial, the revivor would be presumed, in support of the judgment of the court, unless negatived by the record.

It is finally urged that, at the time of the confirmation, Sarah J. Buchanan, who was both plaintiff in the action and purchaser at the sale, was dead ; that the order of confirmation directs the sheriff to make to the purchaser a deed to the land sold ; that the purchaser, being dead, cannot receive or accept a deed, and without such acceptance the deed, if executed, would be without legal force.

The order of confirmation follows the language of the statute, and directs the sheriff to make the deed to the purchaser. No provision is made by statute for a case like the one under consideration, where the interest of the purchaser is transferred by operation of law. If it should be held that the deed must be made to the party deriving title to the property under it according to the state of facts existing at the date of confirmation or of the execution of the deed, it would be necessary in many cases to bring new parties into court, and to frame issues between heirs, devisees, legatees, creditors, assignees and others, and to determine complicated questions of fact and of law. The rule is well settled that the rights of parties are

fixed at the time of the sale, and that the deed when issued relates back to the date of sale. *Land Co. v. Barwick*, 50 Kan. 57, 31 Pac. 685, and cases cited. It is not incumbent on us at this time to determine the legal effect of a deed executed in pursuance of the order of confirmation. The question now considered is whether the court erred in confirming a sale, where the purchaser died intermediate the sale and the confirmation.

Can it be said that the mere fact of the death of the purchaser avoids the sale? It would be anomalous to hold that neither the heirs nor the personal representatives of a deceased person could assert the rights which had accrued to him. Must the court set aside the sale, and cause the land to be again advertised and offered to whomsoever would bid? This might have the effect to deprive the estate of the purchaser of a valuable piece of property, or on the other hand it might subject the debtor, not only to additional cost, but to the loss of a favorable sale of his property. No such consequences flow from the death of a party in interest. We need not now decide whether the interest in the land acquired by Sarah J. Buchanan under her bid passed to Rees and Tomlinson under their assignment, or to the devisees and distributees of her estate under her will. We do hold that her rights were not lost, but at the time of the confirmation still subsisted in favor of the person or persons having the right under the law to assert them. The order of confirmation was rightly made in the language of the statute.

Other matters are discussed in the brief but do not appear of sufficient merit to require mention here.

We find no error in the proceedings of the court and the order of confirmation is affirmed.

1. Death of purchaser does not avoid judicial sale.