## FIRST STATE BANK OF KEOTA v. BRIDGES.

No. 2822.   Opinion Filed September 23, 1913.

(135 Pac. 378.)

1. **PLEADING—Admission in Answer—Amendment.**   Where defendant's answer admits a fact alleged by plaintiff and essential to his right to recover, but after defendant has made his opening statement to the jury, in no wise inconsistent with such admission, and after motion thereupon for peremptory instruction of verdict against him is made, it is not error for the court, in the exercise of a sound judicial discretion, to refuse to permit him to amend such answer by denial of such fact, when the request for leave to so amend is merely upon the ground that he had not intended to admit such fact but is not accompanied by statement of why such admission was made or unequivocal assertion of any basic ground for such proposed denial or by any clearly sufficient reason for the desire to amend.

2. **PRINCIPAL AND AGENT—Notice to Agent—Dual Agency.**   Notice to an agent, who represents both parties to a transaction with their knowledge and consent, is notice to either of them to whom it would be notice if the agent represented him alone, and, if each would be charged, the notice to the agent is notice to both.

3. **SAME—Adverse Interest.**   Notice to an agent is notice to his principal unless the circumstances are such as to raise a clear presumption that he will not, though in duty bound, transmit such notice to the latter, as where the agent is interested adversely to his principal or is engaged in a scheme to defraud the latter.

4. **SAME—Matters Arising Before Agency.**   Notice or knowledge acquired by an agent prior to his agency, which he has in mind or acquired so recently as to warrant the assumption that he still retains it, will be imputed to his principal if otherwise imputable.

5. **TRIAL—Direction of Verdict on Opening Statement.**   Where defendant by answer admits the usurious character, in their inception, of notes, which do not appear usurious upon their face, and that, as indorsee of original payee, he took and received of their

maker, in their payment, the usurious interest for which they covertly provided, denying no fact essential to plaintiff's recovery of penalty under section 3, art. 14 (section 314, Williams' Ann. Ed.), Constitution of Oklahoma, except knowledge of such usurious character, and where his opening statement to the jury distinctly and unequivocally discloses a state of facts amounting to such knowledge and absolutely entitling plaintiff to a verdict, it is not error to instruct such verdict upon motion therefor.

6.  **APPEAL AND ERROR**—Direction of Verdict on Opening Statement—Review—Presumptions. Where a verdict is peremptorily instructed upon the opening statement of a party, every fact stated, together with every reasonable inference deducible therefrom, in favor of the party against whom the same is instructed will be taken as true; but no such inference more favorable to such party than that for which he contends in his brief will be allowed him here.

7.  **SAME**—Harmless Error—Demurrer. An error in sustaining a demurrer to an alleged ground of defense is rendered harmless by the subsequent distinct and unequivocal admission by defendant in his opening statement to the jury, to which he thenceforth consistently adheres, of facts to the effect that an essential element of such alleged ground of defense does not exist.

(Syllabus by Thacker, C.)

*Error from County Court, Haskell County;*
*A. L. Beckett, Judge.*

Action by B. F. Bridges against the First State Bank of Keota. From a judgment for plaintiff, defendant brings error. Affirmed.

*Clark & Crittenden,* for plaintiff in error.

*Brown & Lawrence,* for defendant in error.

Opinion by THACKER, C. Plaintiff in error will be designated as defendant and defendant in error as plaintiff, in accord with their respective titles in the trial court.

This appeal is from a judgment based on a verdict, peremptorily instructed, upon motion of plaintiff, at the conclusion of and directed against defendant's opening statement to the jury, for the amount for which plaintiff sued. The material facts in the case must be gleaned from the pleadings and said opening statement.

On January 4, April 22, May 22, June 5, and June 26, 1909, respectively, the First National Bank of Keota, Keota,

Okla., loaned plaintiff $600, $125, $50, $25, and $25, respectively, and took therefor his five promissory notes of corresponding dates; the first, nonnegotiable in form (*Farmers' Loan & Trust Co. v. McCoy & Spivey Bros.*, 32 Okla. 277, 122 Pac. 125, 40 L. R. A. [N. S.] 177, and cases there cited), for $701, due October 15, 1909, providing for 10 per cent additional as attorney's fees if placed in the hands of an attorney for collection and signed by plaintiff and two others; the second, negotiable in form, for $140.50, due November 1, 1909, and signed by plaintiff and another; the third, negotiable in form, for $56, due November 1, 1909, and signed by plaintiff and another; the fourth, negotiable in form, for $28.10, due November 1, 1909, and signed by plaintiff alone; and the fifth, negotiable in form, for $27.25; due November 1, 1909, signed by plaintiff alone. These usurious promissory notes were taken by the said First National Bank in violation of sections 5197 and 5198, U. S. Rev. Stat. (U. S. Comp. St. 1901, p. 3493), by reason of sections 2 and 3, art. 14 (sections 313 and 314, Williams' Ann. Ed.), Constitution of Oklahoma, making ten per cent per annum the highest rate of interest that may be charged in this state.

On or about July 26, 1909, defendant was organized with half or more of its stockholders, with half or more of its directors, and with its cashier, one H. D. Price, the same who had been and were then stockholders, directors, and cashier, respectively, of said First National Bank; and at that time said First National Bank, for a valuable consideration and acting through the agency of said cashier, indorsed and transferred each of said notes to the defendant by writing thereon as follows: "Pay to the First State Bank of Keota, Keota, Okla., by authority of the board of directors. First National Bank of Keota, H. D. Price, Cashier." The defendant, acting through the agency of its same said cashier, at the same time accepted said notes and, acting through the same cashier, thereafter, and presumably when same became due, took and received of plaintiff full payment of each of these notes, including said usurious interest. Although the personal knowledge of the said H. D. Price as to the usurious character of each of these notes at the time they were first

taken by said First National Bank, and at all times thereafter, was in effect admitted in defendant's said opening statement to the jury, it is therein claimed that such knowledge, having been acquired and retained by Mr. Price in his character as cashier of said First National Bank, could not be charged to him in his character as cashier of defendant nor be imputed to the defendant; and defendant's knowledge of the usurious character of these notes is expressly denied.

After the motion for peremptory instruction of verdict was made, defendant's counsel stated it had not intended to admit that the usurious interest taken and received by it on these notes was paid by plaintiff, and asked leave to deny this by further amending its answer, which further amendment the court refused to permit; but counsel for defendant made no statement as to whether in fact plaintiff did not make such payment nor as to the facts in this regard, nor gave any clearly sufficient reason for desiring to make such amendment or explanation of cause of admission, and it appears at least probable that his said statement and request to amend in this regard were merely made as an emergent and inconsiderate technical point against the motion for peremptory instruction of verdict rather than in the reasonable expectation that the evidence would disclose that the payment had not been made by plaintiff, which payment is specifically alleged in his petition to have been made by him; and defendant's amended answer appears to admit such payment by him in the following words:

" * * * It [defendant] admits that a usurious rate of interest was reserved and charged by the First National Bank of Keota, as alleged in the petition, that a usurious rate of interest was taken and received by the First State Bank of Keota, as alleged in the petition, but denies that said First State Bank of Keota knowingly and corruptly took and received a usurious rate of interest, as alleged in the petition, and denies each and every allegation alleged in plaintiff's petition. than as admitted above."

Said section 3, art. 14, of the Constitution, which is substantially the same as section 5198, U. S. Rev. Stat., reads:

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when

knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or· which has been agreed to be paid thereon.    In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representative, may recover from the person, firm, or corporation taking or receiving the same, in an action in the nature of an action of debt, twice the amount of the interest so paid; Provided, such action shall be brought within two years after the maturity of such usurious contract:    Provided, however, that this section may be subject to such changes as the Legislature may prescribe."

As stated in *Jantzen v. Emanuel German Baptist Church,* 27 Okla. 473, 112 Pac. 1127, Ann. Cas. 1912C, 659, "the permitting or refusing amendments to pleadings is a matter in the sound judicial discretion of the court;" and, where a defendant has by answer admitted an essential fact specifically alleged in plaintiff's petition and does not deny such fact in his opening statement to the jury but, after plaintiff moves the court to peremptorily instruct a verdict upon his statement and without explanation of such admission or delay in asking leave to amend or giving assurance of expectation that any evidence would tend to justify a denial, states that he did not intend to admit such fact in the answer and asks leave to amend by denying the same, we cannot say there was an abuse of discretion in refusing to allow the amendment, although we are inclined to think it would have been better practice to allow it.

H. P. Price, as cashier, was agent of defendant as well as agent of the First National Bank in the transaction in which defendant acquired the notes in question; and the general rule as to notice to such agent, as stated in 31 Cyc. 1597, is as follows:

"Notice to an agent, who with their knowledge and consent represents both parties to a transaction, is notice to either of them to whom it would be notice if the agent represented him alone, and if each would be charged the notice to the agent is notice to both."

In *Id.* 1595, it is said:

"The rule that notice to an agent is notice to the principal, being based upon the presumption that the agent will transmit his knowledge to his principal, fails when the circumstances are such as to raise a clear presumption that the agent will not

perform this duty, and accordingly, where the agent is engaged in a transaction in which he is interested adversely to his principal or is engaged in a scheme to defraud the latter, the principal will not be charged with knowledge of the agent acquired therein."

In *U. S. Fidelity & Guaranty Co. v. Shirk et al.,* 20 Okla. 576, 95 Pac. 218, quoting Mechem on Agency, sec. 721, it is said:

"The law imputes to the principal and charges him with all notice or knowledge relating to the subject-matter of the agency which the agent acquires or obtains while acting as such agent and within the scope of his authority, or which he may previously have acquired, and which he then had in mind, or which he has acquired so recently as to reasonably warrant the assumption that he still retained it, provided, however, that such notice or knowledge will not be imputed (1) where it is such as it is the agent's duty not to disclose; and (2) where the agent's relations to the subject-matter or his previous conduct render it certain that he will not disclose it; and (3) where the person claiming the benefit of the notice or those whom he represents colluded with the agent to cheat or defraud the principal."

Also see the following: 10 Cyc. 1053 and 1060; 2 Thompson on Corporations (2d Ed.) secs. 1651 and 1645; *Harrington v. United States* and *Boyden v. United States,* 11 Wall. 356, 20 L. Ed. 167; *Christie v. Sherwood,* 113 Cal. 526, 45 Pac. 820; *Brookhouse v. Union Publishing Co.,* 73 N. H. 368, 62 Atl. 219, 2 L. R. A. (N. S.) 993, 111 Am. St. Rep. 623, 6 Ann. Cas. 675, and notes thereto; *Cabin Branch Min. Co. v. Hutchinson's Adm'x,* 112 Va. 37, 70 S. E. 480, 25 Ann. Cas. 93, and notes thereto; *Louisville Trust Co. v. Louisville, N. A. & C. R. Co.,* 75 Fed. 433, 22 C. C. A. 378, and cases therein cited.

A motion for a peremptory instruction of a verdict upon the opening statement of defendant should of course be denied unless such statement contains a distinct and unequivocal admission of fact absolutely entitling plaintiff to judgment (*Stewart v. Rogers,* 71 Kan. 53, 80 Pac. 58; *Brashear v. Rabenstein,* 71 Kan. 455, 80 Pac. 950; *Coffeyville Mining & Gas Co. v. Carter,* 65 Kan. 565, 70 Pac. 635; *Noble v. Frack,* 5 Kan. App. 786, 48 Pac. 1004); and, in our statement of the facts in the present

case, we are not unmindful of the rule in case of a peremptorily instructed verdict, which requires that every fact, including every inference reasonably deducible therefrom, in favor of defendant set forth in defendant's statement to the jury should be taken as true; but defendant in its brief appears to base its contention that the knowledge of H. D. Price, its cashier, cannot be imputed to it upon the bare fact that he was cashier of the First National Bank and represented it in its sale and indorsement of the notes to defendant; and we understand therefrom that defendant does not contend that he had a greater individual interest in the notes as stockholder of the First National Bank before the transfer than he had in same as stockholder in defendant bank at the time and thereafter, nor that he was otherwise adversely interested than, as against plaintiff, it was to his interest and to the interest of each of the banks to cut off the defendant's original rights in respect to the usury.   No inference more favorable to the defendant than that for which it contends in its brief will be allowed it on appeal to this court.

Assuming, without deciding, that one without notice of the usury, purchasing for value and before maturity a negotiable note bearing on its face no evidence of usury, would be entitled to its face value under sections 4657-4658, Comp. Laws 1909, defendant having admitted, by answer and opening statement, that the notes were usurious in their inception and that, in payment of same, it took and received from plaintiff usurious interest, the burden was upon it to prove that it acquired them without notice of the usury.   39 Cyc. sec. 1085.   In that statement it was made clear that for such proof it relied entirely upon the fact that it had no such notice other than might be found in the personal knowledge of its cashier and, if any one else possessed such knowledge, of the half or more of its other stockholders and directors, who had acquired such knowledge as cashier, stockholders, and directors, respectively, of said First National Bank; no such knowledge having been communicated to any other of defendant's officers or stockholders.

We think it was clearly the duty of the cashier, as agent of both the indorser and indorsee banks, to impart to the latter

his knowledge of the fact of such usury; and there was nothing in his relation to the subject-matter or in his previous conduct, as disclosed by the pleadings or said statement, to make it certain or justify any presumption that he would not discharge that duty. It does not appear from the pleadings nor from defendant's opening statement, as interpreted by the contention made in defendant's brief, that its said cashier was adversely interested to either of these banks nor less interested in one than the other; and it cannot be presumed that, for the purpose of cutting off plaintiff's rights in respect to such usury and thus serving the pecuniary interest and advantage of both banks, he would withhold his knowledge from the indorsee bank, nor, if he had such purpose, could the indorsee bank be permitted to assert or take advantage of such fictitious innocence; the presumption would be that, to save himself from blame and possibly from legal liability, he would discharge his duty and impart his knowledge in this regard. It seems probable that, as cashier of each of these banks, he assumed plaintiff would assert no right under the usury laws, and, in consideration of whatever profit or advantage he thought each would thereby obtain, he was willing for each bank to take such risk.

Defendant complains of the action of the trial court in sustaining plaintiff's demurrer to the fourth ground of defense in the original answer, wherein it was alleged merely that without notice of their usurious character, it purchased the notes before their maturity for value; but if this was error, which we do not decide, it was rendered harmless by defendant's opening statement to the jury to the effect that it had, as hereinbefore stated, notice at the time of its purchase.

We think the knowledge of H. D. Price, defendant's cashier, at the time of its purchase of the notes must be imputed to it, and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.