## BRADY v. RATKOWSKY.

No. 8287—Opinion Filed March 12, 1918.

(171 Pac. 717.)

1. Trial — Judgment on Motion — Opening Statement.

Motion for judgment upon the opening statement of counsel should be denied, un-

less in said statement there is a solemn admission of facts made for the purpose of removing said facts from the realm of controversy, and which facts so admitted show that the party making the statement is not entitled to recover.

**2. Same.**

The opening statement made by the defendant in this case carefully examined, and found not sufficient upon which to predicate a judgment for plaintiff.

(Syllabus by Collier, C.)

Error from County Court, Tulsa County; J. W. Woodford, Judge.

Action by Abraham Ratkowsky against R. C. Brady. Judgment for plaintiff, motion for new trial overruled, and defendant brings error. Reversed and remanded, with instructions to set aside the judgment rendered.

I. J. Underwood (Biddison & Campbell, of counsel), for plaintiff in error.

Hulette F. Aby, W. F. Tucker, and A. K. Swan, for defendant in error.

Opinion by COLLIER, C. In this cause the defendant in error, hereinafter styled plaintiff, brought suit to recover from the plaintiff in error, hereinafter named defendant, upon a verified account for goods, wares, and merchandise alleged to have been sold by plaintiff to defendant. The defendant filed a verified answer, denying each and every material allegation in plaintiff's petition alleged. Plaintiff's attorney made the following opening statement:

"Gentlemen, the proof on the part of the plaintiff in this case will tend to show that certain goods, consisting chiefly of furs, were made up for this defendant, and that they were shipped to the defendant, and that no part of the account, which amounts to $283.95 has ever been paid. That is all the proof we will introduce."

Attorney for the defendant made the following opening statement:

"Gentlemen of the jury, the evidence in this case on behalf of the defendant will disclose the fact that the defendant does not owe this plaintiff one cent. There are some goods sent by this plaintiff to the defendant at one time, but they were sent under a special understanding with the traveling salesman of this plaintiff. These goods consisted of fur goods, and were shipped here with the understanding that if this defendant discontinued handling fur goods, as she was contemplating doing at that time, the plaintiff would take the goods back, and all she would have to do would be to notify them and ship them. In other words, the sale wasn't a complete sale, and this defendant decided, after the goods had been sent, to discontinue handling fur altogether, and sent these goods back before they were taken from the original package. They were sent back in the package they came in, in the same condition as when they arrived, and the evidence will disclose that this defendant has never received one cent from the goods that were sent her, and that she does not have in her possession at this time any of the goods, but sent them back to the plaintiff according to the original agreement."

Upon conclusion of the statement of the defendant's attorney, the plaintiff moved for judgment on the opening statement of the defendant, for the reason that their defense clearly is an affirmative defense and must be specially pleaded, and is not admissible under a general denial, which motion was sustained, and judgment entered for the plaintiff for $283.95 and costs. Thereafter a motion was filed for a new trial, which motion was overruled and duly excepted to, and defendant brings error.

There is but one question involved in this case, Was the opening statement of defendant sufficient upon which to predicate judgment in favor of the plaintiff? If we admit, as contended by plaintiff, that new matter was set up in the opening statement which was not pleaded, and which it was necessary to plead to legally admit evidence in support thereof, we are of the opinion, and so hold, that the proper procedure would have been to have objected to the introduction of such evidence, and the statement of such new matter not being within the issue joined, was no ground upon which to predicate a judgment on the statement.

The answer of the defendant raised an issue of facts, especially as to the price and quantity of the goods involved in the itemized statement attached to plaintiff's petition, and it cannot be said that there is anything in said opening statement that was a solemn admission that said itemized statement was correct, either as to the amount of goods or their value as therein stated, and that said admission was made to remove said facts from the realm of controversy. In First State Bank of Keota v. Bridges, 39 Okla. 355, 135 Pac. 378, it is said:

"A motion for a peremptory instruction of a verdict upon the opening statement of defendant should, of course, be denied, unless such statement contains a distinct and unequivocal admission of fact absolutely entitling plaintiff to judgment."

In the well-considered case of Patterson et al. v. Morgan, 53 Okla. 95, 155 Pac. 694, it is held:

"An oral admission of a material fact, made by an attorney in his opening state-

ment to the jury, if distinct and formal, and made for the purpose of dispensing with the formal proof of some fact at the trial, is a solemn admission, and conclusive upon the party making such admission."

Applying the rule of the First State Bank of Keota v. Bridges, supra, and of Patterson et al. v. Morgan, supra, to the opening statement made by the attorney of the defendant in the instant case, the trial court committed prejudicial error in rendering judgment for the plaintiff on the opening statement of the attorney for the defendant.

This cause is reversed and remanded, with instructions to set aside the judgment rendered.

By the Court: It is so ordered.