NEWSOM v. WATSON et al.

No. 32485.   Jan. 21, 1946.

Rehearing Denied Feb. 11, 1947.

177 P. 2d 109.

Wise & Ivester, of Sayre, for plaintiff in error.

Edward M. Box and Laynie W. Harrod, both of Oklahoma City, for defendants in error.

WELCH, J. Primary facts are that in December, 1941, plaintiff and the defendants Watson and wife contracted to exchange city real estate owned by Newsom for a certain tract of land owned by the Watsons in Beckham county. As provided in the contract each party executed and deposited his deed with an attorney named in the contract; each deed to be delivered to the respective grantee upon completion of certain details of agreement set forth in the contract. In a few days both deeds were delivered and recorded, closing the transaction. However, the

Watson deed to the Beckham county land contained a reservation or exception in these words, "except one half of the mineral rights which have already been retained."

In 1944 plaintiff commenced this action to reform the Watson deed by striking therefrom the above-quoted reservation clause and to cancel and expunge from the record a recorded notice by which defendant Martin claimed to own one-half of the mineral rights by conveyance from the Watsons in 1931.

It was plaintiff's contention and he offered evidence to the effect that in 1941 he did not see the Watson deed and did not know that it contained any such reservation clause until shortly before commencing his action in 1944, and that no such reservation was contemplated when the property exchange agreement was made in 1941, and that the contract upon which the transaction was closed in 1941 contained no provision for any such reservation.

On the other hand, defendants Watson contend that such reservation was contemplated and agreed upon and that plaintiff Newsom had actual knowledge and in any event was charged with knowledge and notice of the reservation clause as written in the deed. And the defendants Watson and wife and defendant Martin contended and established by the evidence that in 1931 the Watsons purchased this land from Martin and as a part of that transaction they then executed and delivered to Martin a mineral deed to such one-half interest in the minerals. Defendant Martin further contended and established by the evidence that in 1931 he received such mineral deed and left same in the office of a named attorney to be recorded and did not discover for some years that it had not been recorded and meantime the deed itself had become lost and could not be found.

From a general judgment for the defendants the plaintiff prosecutes this appeal and again urges the contentions above set forth.

It is essential to note these further facts: That in the transactions in 1941 between Newsom and the Watsons, the parties never met directly. All negotiations were made through one Jennings. Jennings was a regular employee of the Newsom Investment Company, which was really the plaintiff, Ralph L. Newsom doing a general real estate business in that company name. The Watsons talked with Jennings and Newsom talked with Jennings and in that manner the agreement was made resulting in the contract which was prepared and signed in the office of the Investment Company. Both deeds were also prepared and executed in that office and also a mortgage back from Newsom to the Watsons on the Beckham county land. In the contract each party referred to the Newsom Investment Company as its authorized agent and agreed to pay a commission to that company.

Newsom testified in effect that he had not agreed upon any mineral reservation by the Watsons and that he never knew of the reservation in the deed until shortly before he commenced this action and that the contract for the property exchange made no provision for such reservation.

The defendants establish by rather convincing evidence that on more than one occasion they discussed and referred to the reservation with Jennings and also with the attorney named in the contract as above stated, and they testified that when they signed the contract in the Investment Company's office it contained a provision for such reservation, as did the deed when they signed it in the same office.

In rendering judgment for defendants the trial court placed its approval on the contentions and evidence of the defendants and granted the prayer of the defendant Martin to quiet his title to the one-half mineral interest which he had obtained from the Watsons in 1931.

Plaintiff in this appeal presented argument that he, Newsom, had no actual knowledge of the exception clause in the deed when he closed the trade; that Jennings had no authority as agent of Newsom to accept the deed with the mineral reservation; that the knowledge which Jennings had of the alleged outstanding mineral interest could not be imputed to Newsom.

From all the facts and circumstances, a conclusion might be drawn that Newsom had actual knowledge of the provisions of the deed. But be that as it may, it is clear that Jennings was his agent in all the negotiations in making and closing of the trade for the exchange of the properties, and that Jennings had full knowledge of the facts. It is a generally recognized rule of law that the knowledge of the agent is imputed to the principal in connection with any transaction conducted by, or participated in by, the agent in behalf of the principal. Gibson Oil Co. v. Hayes Equipment Mfg. Co., 163 Okla. 134, 21 P. 2d 17. It is urged by plaintiff that the rule of imputed knowledge does not apply here and that the exceptions to the rule as discussed in Allen & Scott, Inc., v. Stahl, 181 Okla. 527, 75 P. 2d 204, are applicable herein. The exceptions noted therein are mentioned as follows:

". . . For instance, the following from 2 American Jurisprudence, 292, is a fitting and sensible exception to the rule:

" 'Obviously, however, if the one receiving knowledge is the agent of the other party or of someone other than the alleged principal, the latter cannot be charged with knowledge.'

"The following is from 2 American Jurisprudence, 298:

" 'There is a well-established exception to the general rule that the knowledge of an agent is to be imputed to the principal in situations where the conduct of the agent is such as to raise a clear presumption that he would not communicate to the principal the facts in controversy, as where the agent acting nominally as such is in reality acting in his own business or for his own personal interest and adversely to the principal, or for any other reason has a motive or interest in concealing the facts from his principal.' "

Under the first exception noted above, if it be said that Jennings was acting for Watson under the provisions of the contract, it will be noted that he was acting with the consent and knowledge of Newsom, and under such circumstances Newsom could not deny his agent's knowledge.

"Where a principal knows that his agent is also acting for the party adversely interested in the transaction, and yet consents to let him act as his agent, the principal is estopped from denying notice and knowledge which the agent has during the transaction." 3 C.J.S. 205.

See, also, First State Bank of Keota v. Bridges, 39 Okla. 355, 135 P. 378.

In the case of Allen & Scott v. Stahl, supra, it is pointed out that the agent had schemed for one-half of the commission and that the principal knew nothing of this and that the agent made positive false representations to his principal to induce the delivery of principal's deed. There were positive acts of the agent to cover up and conceal knowledge from the principal. Herein Jennings and Newsom were regular and continuing associates in the real estate business, all the transactions were had in Newsom's office and there is no evidence of conduct on the part of Jennings to raise a clear presumption that he would not communicate the facts in controversy to Newsom. On the contrary, the relationship and conduct of Jennings was such as to raise a presumption that he would keep Newsom advised as to all details of the transaction.

We conclude that plaintiff, through his agent, Jennings, was charged with knowledge of the existence of the exception clause in the deed at the time of the delivery of the exchange deeds.

It is undisputed that cross-petitioner was delivered a conveyance for valu-

able consideration to the interest claimed by him.

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur.