Joseph FISHER, Bondsman, American
Bonding Company, Insurer, and Larry
Donnell Parker, Defendant, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. 53080.

Court of Appeals of Oklahoma,
Division No. 2.

June 9, 1981.

Rehearing Denied July 6, 1981.

Release for Publication by Order of Court
of Appeals Aug. 6, 1981.

Forest N. Simon, Oklahoma City, for appellants.

Robert I. Owen, Asst. Dist. Atty., Andrew M. Coats, Dist. Atty., Oklahoma City, for appellee.

BOYDSTON, Judge.

On April 19, 1978, Larry Donnell Parker was charged with the crime of carrying a firearm after former conviction of a felony. On April 21, Parker filed an appearance bond in the sum of $5,000 signed by himself as principal, by Joseph Fisher (Bondsman) as licensed surety bondsman, and by American Bonding Company as insurer. Parker failed to appear for trial on June 7, and the trial court ordered the bond forfeited.

Notice of the forfeiture was received by Bondsman on June 14, but the bonding company was not notified at this point. The formal order and judgment of forfeiture was mailed to Bondsman, to the bonding company and to the state insurance commissioner on September 8.

The bonding company located Parker and surrendered him to Oklahoma County on September 23.[1] On November 1, the bonding company filed a motion to have the order of forfeiture set aside. A hearing on the motion was held November 17, at which time the court denied the motion on the ground that said motion was not timely filed within the 60 day statutory limit.

The sole issue for determination on this appeal is whether a bonding company is considered a bondsman for the purpose of

1. Obviously this was accomplished through a representative but the record does not indicate whether or not it was Fisher.

meeting the notice requirement of 59 O.S. 1979 Supp. § 1332, which provides:

> In the event of the forfeiture of a bail bond the clerk of the trial court shall notify *the bondsman* on said bond who may, within sixty (60) days from the date of such notice, file with the court a motion to set aside the order of forfeiture which motion shall contain the grounds upon which it relies. (emphasis added)

If the statutory language is intended to include the bonding company, the 60 days would not have begun to run until September 8. The trial court held the 60 days began to run on June 14. In so doing, the court implicitly held notice need only be given to the surety bondsman. We affirm that decision.

Title 59 O.S.1971 §§ 1301–1340 (Bail Bond Act) regulates the bail bond business in the state. The terms used throughout the act are carefully defined.

Section 1301(5) defines "Bail bondsman" as a "surety bondsman, professional bondsman, property bondsman, or a cash bondsman."

Section 1301(6) defines "Surety bondsman" as "any person who has been approved by the commissioner and appointed *by an insurer by power of attorney* to execute or countersign bail bonds *for the insurer* in connection with judicial proceedings . . . ." (emphasis added)

Section 1301(4) defines an "Insurer" as any "domestic, foreign or alien surety company which has qualified generally to transact surety business and specifically to transact bail bond business in this state."

The Bail Bond Act sets forth precise definitions of these terms, and we note at no time are the terms used interchangeably throughout the Act. By definition and by practice the surety bondsman is the agent of the insurer so that notice to him constitutes legal notice to the insurer.[2] The only contact insurer has with the state up to the time of forfeiture is through its bondsman, who, by virtue of the financial backing

guaranteed him by insurer, stands in place of insurer before the court.

The only point in time when the insurer must take action independent of its bondsman is when an order and judgment of forfeiture is received from the insurance commissioner directing the deposit of cash or other valuable security in the face amount of the forfeiture. In that instance, § 1330 directs notice be sent to both the bondsman and the insurer.

The specific requirement that both insurer and bondsman be notified when the time comes to post payment of forfeiture, coupled with the obvious omission of the insurer from the language of § 1332 reinforces the correctness of the trial court's interpretation of the legislative intent.

We therefore affirm.

BACON, P. J., and BRIGHTMIRE, J., concur.

---

**2.** *A. A. Murphy, Inc. v. Banfield,* Okl., 363 P.2d 942 (1961); *Newsom v. Watson,* 198 Okl. 220, 177 P.2d 109 (1947); *First State Bank of Keota v. Bridges,* 39 Okl. 355, 135 P. 378 (1913).